In Re: Change of Boundaries and/or Election Districts of the Five (5) Wards in the Township of Upper Chichester. Edward W. Seltzer, Appellant.

Argued April 11, 1980, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Hans Edward Solum, Jr.,* for appellant.

*Peter J. Nolan,* for appellee.

OPINION BY JUDGE CRAIG, June 10, 1980:

Edgar Seltzer has petitioned this court for review of the April 23, 1979 order of the Court of Common Pleas of Delaware County, dismissing his petition to contest the Township of Upper Chichester's (township) Ordinance No. 382, which established a reapportionment of the township's election districts.[1]

During the summer of 1978 the township had begun ward reapportionment proceedings under Section 3 of the Municipal Reapportionment Act (Act), Act of December 13, 1974, P.L. 947, 53 P.S. §11603. On July 13, 1978, the township had passed a resolution authorizing the preparation of a reapportionment plan to be completed in time for the May 1979 primary election. However, on August 10, 1978, by way of petition to the court of common pleas, township residents began independent reapportionment proceedings seeking court appointment of a commission to reapportion the wards under Section 4 of the Act, 53 P.S. §11604, but, in October, on motion by the township, the lower court suspended the appointment of that commission, thereby allowing the township's own reapportionment activities to proceed.

---

[1]Seltzer is the sole petitioner before this court. Township residents who had been parties to the proceedings before the lower court have not joined in this appeal.

On February 5, 1979, the township advertised its intention to adopt its own reapportionment, under Ordinance No. 382, which was enacted at the conclusion of a township hearing held on February 8, 1979. The ordinance adoption was advertised on February 16, 1979.

On March 6, 1979, Seltzer filed his nominating petitions for first ward township commissioner. However, under Ordinance No. 382, Seltzer had become a resident of the second ward, which had no vacant commissioner position.

On March 8, 1979, the township petitioned the court of common pleas for approval of the election districts created by the reapportionment ordinance. Pursuant to published notice on March 13, the court, on March 19, 1979, held a hearing and approved the establishment of five election districts based on the ward realignments effectuated by Ordinance No. 382.

On April 3, 1979, Seltzer filed his petition to contest the reapportionment ordinance on substantive grounds, and to seek a remand for modification of the reapportionment. On April 23, 1979, after hearing, the court dismissed Seltzer's petition, from which Seltzer has taken this appeal.[2]

Seltzer challenges the substance of the reapportionment ordinance on several grounds, alleging that: (1) the reapportionment was drawn to deprive him

[2] The township has moved to dismiss Seltzer's appeal for mootness, alleging that, because the general municipal election was held during the pendency of this appeal this court cannot now grant Seltzer's requested relief.

Seltzer filed petitions for and won the election as first ward commissioner, although he was a resident of the second ward. Also, on January 7, 1980, Seltzer, who received a certificate of election from the county board of elections, was sworn into that office; however, the township then declared a vacancy in the first ward commissioner post and filled it by resolution.

124

of the opportunity to run for office, and (2) the reapportionment did not comply with the mandates of Section 3 of the Act, 53 P.S. §11603, which requires that districts be drawn as "nearly equal in population as practicable," and that the district territories be compact and contiguous.[3]

. The lower court dismissed Seltzer's petition on the ground that it was untimely, which is the basis for the primary question we must consider.

The problem in evaluating the issue is that Section 6 of the Act, 53 P.S. §11606, which provides resident electors a right to contest municipality-initiated reapportionment plans, does not provide a time limit within which such a contest must be filed.

In the opinion for the lower court, Judge JEROME applied the doctrine of laches and found that Seltzer's petition, filed two months after the ordinance

---

The township contends that it is too late for Seltzer to assume office as township commissioner for a term which began the first Monday of 1980. and, therefore, that his present appeal is moot. Further, the township contends that it is too late for Seltzer to seek a redistricting of the wards in order to be in the first ward because the 1979 election is over.

On appeal, Seltzer's only relief request is for an order reversing the lower court's dismissal of his appeal, thereby allowing him to seek review of the reapportionment ordinance's conformity with the substantive provisions of the Municipal Reapportionment Act. Because nothing that has occurred during the pendency of this appeal would prohibit this court from ordering that relief, we will reject the township's mootness claim.

. [3] For the first time here on appeal, Seltzer questions the procedural regularity of the enactment of Ordinance No. 382. Seltzer asserts that the ordinance is ab initio void or was not in effect on the date of publication, because the advertising provisions requirements of Section 1502 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, as amended, 53 P.S. §56502, were not met. A party may not raise on appeal an argument which he failed to make to the lower court. Commonwealth v. Demuro, 24 Pa. Commonwealth Ct. 480, 357 A.2d 270 (1976).

adoption, was inexcusably delinquent in light of Seltzer's familiarity with the reapportionment proceedings and the stated desire of all parties to wind up the matter in time for the May primary.[4]

However, the equitable doctrine of laches requires not only a finding of want of due diligence in failing to institute the action, but also that that failure resulted in another's prejudice. *Wilson v. King of Prussia Enterprises, Inc.,* 422 Pa. 128, 221 A.2d 123 (1966). There is simply no evidence that the township, or its residents, were prejudiced by the delay.

Further, the court below based its dismissal of Seltzer's action on its determination that contests of municipality-initiated reapportionments under Section 6 of the Act must be filed within thirty days of the enactment of that ordinance, lifting the thirty-day limit from the requirement in Section 4 that the filing of exceptions to court-appointed commission reapportionment reports must occur within thirty days after the date the report is filed.

A court, however, has no power to insert words into statutory provisions where the legislature has failed to supply them. *Peabody v. Tucker,* 4 Pa. Commonwealth Ct. 609, 613 (1972), *aff'd* 447 Pa. 398, 289 A.2d 438 (1972).

We can find no case law interpreting the provisions of the Act and, therefore, find ourselves on new ground. We must analyze the proceedings below afresh.

---

[4] Judge PRESCOTT's October 12, 1978 order suspending the work of the court-appointed commission was contingent on the "Township's representation that it will proceed without delay to redistrict itself . . . it being the stated objective of both the Township . . . and the Petitioners that the Wards . . . should be adjusted in time for the filing of nominating petitions for the primary elections of 1979."

We note that all of the proceedings below were brought under the same term and docket number which was originally assigned to the resident petitioners' August 10, 1978 action seeking reapportionment under Section 4 of the Act.

We are therefore tempted to treat the entire series of proceedings below as kindred to a Section 4 resident-initiated commission reapportionment. In this perspective, the township's March 8 petition for court approval of the election districts would be akin to the statutorily mandated commission report, but because the court did not enter a rule nisi or order advertisement of a reapportionment plan with notice that exceptions could be filed thereto within thirty days, the court clearly did not treat the township's petition as a Section 4 proceeding.

Nevertheless, no matter how we label the proceedings, the validity of the reapportionment had been brought before and been favorably adjudicated by the court of common pleas as of March 19, 1979.

Seltzer's petition of April 3, filed in the *same proceedings,* at the same term and number, appears, at best, to have been in the nature of a petition to intervene.

Seltzer had the opportunity to intervene in the township's proceeding at or before the March 19 hearing, under Pa. R.C.P. No. 2327(4) as a person with a legally enforceable interest potentially affected by the determination of the action. The record indicates that Seltzer had constructive knowledge, by publication, of the hearing. Further, there is record evidence that Seltzer had actual knowledge of the court proceedings. Although he alleges that he was misled by the township secretary's characterization of the proceedings as dealing only with polling place locations, Seltzer was nevertheless put on no-

tice to examine the township's pleadings, which clearly revealed the true nature and purpose of the proceedings.

Pa. R.C.P. No. 2329 provides that applications for intervention will be refused if the petitioner had "unduly delayed in making application for intervention." That rule, rather than laches or the Section 4 limitation, provides the proper basis for the decision below, which we affirm.

ORDER

AND Now, this 10th day of June, 1980, the order of the Court of Common Pleas of Delaware County, dated April 23, 1979 (A-34 Misc. Docket 1979) is affirmed.