Rose E. Barr, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 5, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*John P. Bogdanovicz,* for petitioner.

*Jason W. Manne,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MENCER, October 15, 1981:

Rose E. Barr (petitioner) has appealed from an order of the Department of Public Welfare (Department) which affirmed the decision of the Blair County

Assistance Office (CAO) denying petitioner an increase in public assistance for her second unborn child. We affirm.

Pursuant to Department regulations, the CAO granted petitioner an increase in her public assistance allowance upon verification of her pregnancy. On March 26, 1980, petitioner notified the CAO that she was expecting twin children and requested a further increase in her Aid to Families with Dependent Children (AFDC) grant to accommodate the needs of the second unborn child. The CAO denied the request and, after a hearing, the Department affirmed the decision of the CAO. This appeal followed.

Although a state is not required to provide public assistance benefits to pregnant women for their unborn children in order to qualify for federal financial aid under the AFDC program,[1] *Burns v. Alcala,* 420 U.S. 575 (1975), it is afforded the option of making such assistance available.[2] Pennsylvania, through its Department of Public Welfare, has elected to provide AFDC assistance to unborn children by implementing Section 145.43(b) of the Public Assistance Eligibility Manual (PAEM), 55 Pa. Code §145.43(b), which states as follows:

> (b) *AFDC eligibility conditions for unborn children.* The following will constitute the AFDC eligibility conditions for unborn children:

> (1) An unborn child will be considered an AFDC child if the following two conditions are met:

> (i) The circumstances of the parent or parents are such that the child, if born, would qualify as a dependent child.

---

[1] Social Security Act of 1935, *as amended,* 42 U.S.C. §601 *et seq.* (1970).

[2] 45 C.F.R. §233.90(c)(2)(ii) (1973).

(ii) The pregnancy has been established by a physician.

(2) For purposes of determining need and the amount of the grant, the assistance unit will be considered to have one additional member when a pregnancy is medically diagnosed. Assistance will be authorized effective the first payment date after the pregnancy has been established. The mother must be advised to report the termination of the pregnancy so that any appropriate action may be taken at the time, for example, multiple births, miscarriage, stillbirth, and the like.

The Department reasons that paragraph 2 of subsection (b) of the above regulation limits the grant increase to "one additional member" even if a multiple pregnancy is established. We agree. Although Pennsylvania courts have not interpreted the state or federal regulations regarding AFDC grants to unborn children, other jurisdictions have acknowledged that the purpose of such grants is to provide the mother with funds for proper nutrition, medication, and health care during pregnancy. *See Wisdom v. Norton,* 507 F.2d 750 (2d Cir. 1974) ; *Filipo v. Chang,* 62 Haw. 626, 618 P.2d 295 (1980) ; *Bates v. Toia,* 45 N.Y.2d 460, 382 N.E.2d 1128, 410 N.Y.S.2d 265 (1978). The Department's interpretation thus represents a rational policy determination that prenatal care costs for a multiple birth pregnancy and a single birth pregnancy are equivalent.

Furthermore, if a regulation of an administrative agency is consistent with the statute under which it is promulgated, the agency's interpretation of that regulation is entitled to controlling weight except where the interpretation is plainly erroneous or inconsistent with the regulation. *Department of Public Welfare v. Forbes Health System,* 492 Pa. 77, 422 A.2d 480 (1980).

We are satisfied that the Department's interpretation here is not plainly erroneous or inconsistent with PAEM §145.43(b).

We recognize that federal regulations require participating states to provide AFDC benefits to any person who meets the statutory definition of a "dependent child."[3] However, in *Burns v. Alcala,* the United States Supreme Court ruled that the federal statutory term "dependent child" does not include unborn children. Therefore, we are not persuaded by petitioner's argument that an unborn child is a "dependent child" if a state elects to provide federally reimbursable benefits for unborn children.[4] While it is true that PAEM §145.43(b) states that an unborn child "will be considered" a dependent child for purposes of AFDC assistance, this provision simply establishes an administratively efficient method to dispense benefits; it does not grant an unborn child the same right to AFDC assistance as that afforded a "dependent child."

We also find no merit in petitioner's argument that PAEM §145.43(b) violates the Equal Protection Clause of the United States Constitution by unreasonably creating one class of unborn children that is entitled to AFDC assistance and another class of unborn children that is not so entitled. Since the word "per-

---

[3] Section 406(a) of the Social Security Act, 42 U.S.C. §606(a), defines a dependent child, in pertinent part, as "a needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent . . . and (2) who is (A) under the age of eighteen, or (B) under the age of twenty-one and . . . a student. . . ."

[4] Petitioner urges us to follow the holding in *Dillon v. Fahey,* 74 App. Div. 2d 677, 424 N.Y.S.2d 791 (1980), where the New York Appellate Division ruled that the petitioner was entitled to separate grants of assistance during her pregnancy for each of her twin unborn children. We, however, can find no reason in *Dillon v. Fahey* to compel us to reach a similar conclusion.

son" as used in the Fourteenth Amendment does not include the unborn, *Roe v. Wade,* 410 U.S. 113 (1973), petitioner's unborn children cannot maintain a claim under the Equal Protection Clause.

Accordingly, we enter the following

ORDER

AND Now, this 15th day of October, 1981, the order of the Department of Public Welfare, dated June 17, 1980, denying Rose E. Barr an increase in her public assistance grant for her second unborn child, is hereby affirmed.