E. Smalis Painting Company, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued October 7, 1982, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Wendell G. Freeland, Freeland & Kronz,* for petitioner.

*Gregory C. Santoro,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY JUDGE CRAIG, November 18, 1982:

In this contractor suspension case, E. Smalis Painting Company appeals from a decision by the Department of Transportation, holding in abeyance the award of a February 1981 contract to the company and suspending the firm from bidding on any future work.

Under regulations[1] which require a contractor to (1) submit a statement of all felony convictions of its directors, principal officers, and key employees [67 Pa. Code §457.4(e)][2] and (2) notify DOT in writing of a change in such information or suffer possible suspension [67 Pa. Code §457.16],[3] the department took action against the contractor after an assistant district attorney for Allegheny County, and not the company, informed DOT's Office of Inspector General that Ernest Smalis, president and major shareholder of the firm, "had been convicted of certain crimes in a court of competent jurisdiction and was awaiting sentence pending a pre-sentence investigation."[4]

[1] Section 404.1 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended*, added by Section 1 of the Act of September 20, 1961, P.L. 1529, 36 P.S. §670-404.1, empowers the Department of Transportation to establish by regulation a system for the qualification of competent and responsible bidders on highway projects.

[2] 67 Pa. Code §457.4 provides:

Statements to be furnished under oath.

. . . .

(e) Complete statement of misdemeanor convictions involving moral turpitude and all felony convictions of the contractor, as well as the contractor's directors, principal officers, and key employees.

[3] 67 Pa. Code §457.16 provides:

All contractors are required to promptly notify in writing this Department of any significant changes affecting their capacity as well as changes of information required by Section 457.4(b), and (e) of this Chapter. Failure to make such notification shall be cause for suspension of prequalification.

[4] January 20, 1981 letter from F. Peter Dixon, Assistant District Attorney, Allegheny County to George O'Friel, Office of Inspector General, Department of Transportation.

The trial court found Mr. Smalis guilty of arson (two counts) and theft by deception (two counts). Mr. Smalis' attorney, however, filed post-trial motions and so, the court had not yet imposed final sentence when the department suspended the company's contracting privileges. As indicated in a letter from Judge HENRY SMITH to Mr. O'Friel dated April 9, 1981:

The administrative hearing officer, an assistant counsel to the department appointed by the Secretary of Transportation, decided that the Court of Common Pleas of Allegheny County had "convicted" Mr. Smalis of a felony within the meaning of Section 457.4 (e) and that, consequently, DOT justifiably had suspended the company's contracts for failing to report a change in its president's penal status.

The petitioner contends, however, that because the court had not yet imposed sentence upon Mr. Smalis, the company had no obligation to submit a statement of conviction under Section 457.4(e). We disagree.

Both parties concur that this case turns on the proper definition of "conviction," as found in DOT's regulations, and that, in Pennsylvania, the word "conviction" has a common or popular as well as a technical or legal meaning. *Commonwealth v. Minnich,* 250 Pa. 363, 366, 95 A. 565, 566 (1975).

> "As commonly understood, it means a verdict of guilty, or perhaps a plea of guilty, and for some purposes this is the meaning attributed to it by the courts. . . . For other purposes it has been held to imply 'judgment' or 'sentence,' upon the verdict of plea. . . ."

*Bycer v. State Board of Pharmacy,* 57 Pa. Commonwealth Ct. 205, 210, 425 A.2d 1213, 1216 (1981), quoting *Commonwealth v. Palarino,* 168 Pa. Superior Ct. 152, 77 A.2d 665 (1951).

Moreover, as our Supreme Court has instructed in *Minnich,* we are to give the term its technical meaning "except where such construction would defeat the ap-

---

In summary, although there was a verdict of guilty with respect to the Moonraker [Restaurant] charges, there will not be a final conviction or judgment, until such time and if the post-trial motions have been ruled upon adversely to him and sentence imposed.

parent intention in using it.'' 250 Pa. at 368, 95 A. at 567.

Here, by authority of his appointment under the Administrative Law[5] and 1 Pa. Code Chapter 35, the hearing officer considered the meaning of ''conviction,'' as found in Code Section 457.4(e), and concluded that the term merited the popular interpretation rather than a technical construction.[6] In other words, he apparently concluded that giving the word ''conviction'' its technical meaning ''would defeat the [department's] apparent intention in using it.'' *Minnich.*

Because an administrative agency's interpretation of its own regulation is controlling unless (1) that interpretation is plainly erroneous or inconsistent with the regulation or (2) the regulation is inconsistent with the statute under which it is promulgated, *Barr v. Department of Public Welfare,* 62 Pa. Commonwealth Ct. 211, 435 A.2d 678, 680 (1981), citing *Department of Public Welfare v. Forbes Health System,* 492 Pa. 77, 422 A.2d 480 (1980), and because we can find nothing plainly erroneous or inconsistent with DOT's interpretation of the word ''conviction,'' we affirm.

Indeed, the hearing officer's interpretation of ''conviction'' squares with other regulatory provisions promulgated by the department under 36 P.S. §670-

---

[5] 2 Pa. C. S. §501 *et seq.*

[6] Apparently, the hearing officer was not alone in his decision to construe the word ''conviction'' in a popular sense. The record reveals that the Deputy Secretary for Highway Administration was also well aware of the Allegheny County assistant district attorney's letter and of its stated distinction between ''conviction'' and ''sentencing''; he nevertheless notified the company of its suspension by letter of March 25, 1981. Also, before the company's June 3, 1981 hearing, Mr. Smalis met twice with representatives of DOT and each time the parties discussed the letter's contents.

404.1[7] to ensure that bidders on highway projects are "competent and responsible."

We note, for example, that one of the stated purposes of the regulations is "[t]o assure the integrity and competence of all bidders"[8] and that DOT has attempted to effectuate the purpose of the Act via regulations by requiring prospective contractors to file extensive statements, under oath, detailing *inter alia* their financial and plant resources, their record of minority hirings, and "related pertinent and material information necessary to establish competency and responsibility"[9] and by empowering the Secretary to suspend temporarily or disqualify any prospective bidder, previously qualified, for "[u]nlawful or improper activities that render the prospective bidder unacceptable,"[10] or for "any other valid reason or cause."[11]

Moreover, the regulations require, under penalty of suspension for non-compliance, that all contractors notify DOT promptly not only of misdemeanor or felony convictions but of "any significant changes affecting their capacity."[12]

Clearly, then, the Act vests DOT with broad powers to ensure the integrity of its private contractors,

[7] 36 P.S. §670-404.1 provides, in pertinent part:

The department, after consultation with and receiving the advices of the secretaries of Pennsylvania associations representing highway constructors and other parties in interest who have notified the Secretary of Highways, in writing, of such interest, shall, by regulations, establish and may, from time to time, modify or supplement a system for the qualification of competent and responsible bidders on highway projects and furnish to such secretaries and others in interest copies of such regulations.

[8] 67 Pa. Code §457.2(b)(3).

[9] 67 Pa. Code §457.3(b).

[10] 67 Pa. Code §457.13(6).

[11] 67 Pa. Code §457.13(10).

[12] 67 Pa. Code §457.16.

with the regulations reflecting that goal through a system of notification when significant changes occur. Because we are confident that the hearing examiner's interpretation of "conviction" comports with the purpose of the Act and the department's implementing regulations, we affirm.

ORDER

Now, November 18, 1982, we hereby affirm the order of the Department of Transportation suspending E. Smalis Painting Co., Inc. as a prequalified bidder.