Ronald Alan Romeis, Petitioner *v.* Commonwealth of Pennsylvania, State Board of Examiners of Nursing Home Administrators, Respondents.

Submitted on briefs April 7, 1983, to Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Scott E. Townsley,* for petitioner.

*Ky Van Nguyen,* Assistant Counsel, with him *Edward D. Frank, II,* Chief Counsel, *David F. Phifer,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, May 10, 1983:

The State Board of Examiners of Nursing Home Administrators denied petitioner Ronald A. Romeis permission to sit for the April 29, 1982 Nursing Home Administrator Examination because he allegedly failed to meet the eligibility requirements of Title 49 of the Pennsylvania Code §39.5. We affirm.

The relevant facts are not in dispute. For approximately five years, Mr. Romeis has been an assistant to the president of Philadelphia Presbytery Homes, Inc., a corporation that owns and operates two skilled nursing facilities and several retirement homes. His work experience has been gained, for the most part, in the central management office of the corporation and not in one of the skilled nursing facilities.

The board submits that it rejected Mr. Romeis' application because he (1) failed to acquire 1,000 hours of nursing home administration experience while physically present in a nursing home, as allegedly required by 49 Pa. Code §39.5(b)(4)(ii), and (2) failed to receive the necessary certification of that experience from a licensed nursing home administrator employed at the facility, as required by 49 Pa. Code §39.5(c).

Both parties agree that resolution of this case turns on the following question: To sit for the Nursing Home Administrator Examination under section 39.5(b)(4)(ii), must an otherwise eligible applicant obtain 1,000 hours of service while physically present in a nursing home, or may he qualify by gaining such

experience in the central management office of a multi-facility health care organization?

Section 39.5(b)(4)(ii) provides, in pertinent part:

(b) A candidate for examination for licensure shall also meet one of the following requirements:

. . . .

(4) Has attended and successfully completed six hours in a program of study approved by the Board, has a baccalaureate degree or higher from an accredited college or university, and has:

. . . .

(ii) For eighteen or more months during the past five years, served in *nursing home administration* or health care facility administration, 1,000 hours of which service must be in *nursing home administration,* where a licensed nursing home administrator has been employed during the 1,000 hours of nursing home administration service. . . . (Emphasis added.)

As Mr. Romeis notes, before the board amended its regulations in 1981, an applicant with a baccalaureate degree or higher had to "for twelve months immediately preceding the date of application, successfully serve . . . in a full-time capacity as an assistant administrator or co-administrator *in a nursing home* under the supervision of a full-time nursing home administrator licensed in this Commonwealth. . . ." (Emphasis added.)[1] The board changed the eligibility requirements to make them "more flexible, and to define what constitutes experience in nursing home administration."[2]

---

[1] For the pre-1981 version of the regulations, *see* 10 Pa. B. 4627 (1980).

[2] *Id.*

As Mr. Romeis also observes, the provisions governing examination eligibility for applicants with less than a baccalaureate degree[3] were also amended in 1981 but still include the requirement that administrative experience be gained "in a nursing home," rather than "in nursing home administration."

Moreover, the board has defined the "[p]ractice of nursing home administration" and "[t]he planning, organizing, directing and control of the operation of a nursing home,"[4] duties conceivably as capable of execution from the central office of a multifacility health care corporation as from the confines of a nursing home.

Given the 1981 amendment, a comparison of section 39.5(b)(4)(ii) with other provisions requiring experience "in a nursing home," and the board's definition of "nursing home administration," Mr. Romeis contends that the board's regulations no longer require 1,000 hours of physical presence in a nursing home as a prerequisite for examination eligibility. Although Mr. Romeis' argument has merit, we believe that the board did not amend section 39.5 (b)(4)(ii) to dispense with the physical presence requirement.

The board maintains that it amended section 39.5(b)(4)(ii) only to accommodate persons unable to work full-time in a nursing home and that service "in nursing home administration" is a requirement synonymous with service "in a nursing home." That interpretation finds support in 49 Pa. Code §39.5(c) which requires that "[t]he 1,000 hours in nursing home administration ... [under section 39.5(b)(4)(ii)] ... include a minimum of 300 hours in general admin-

3 *Id.*
4 49 Pa. Code §39.1.

istration, a minimum of 250 hours in patient services and care, and a minimum of 250 hours in health and social service delivery systems'' and, more important- ly, that ''[a] full-time licensed nursing home admin- istrator employed *at the facility* . . . certify . . . the number of hours required within each of these areas.'' (Emphasis added.)

If the administrator who oversees an applicant's work must be employed at a nursing home facility, it is reasonable to conclude that the administrator's certification must be for hours actually spent by the applicant in the nursing home. Moreover, the board notes that Mr. Romeis submitted, as proof of the 1,000 hours experience, a certified statement signed by Mr. Paul A. White, president of Philadelphia Presbytery Homes, who is not employed at a nursing home facil- ity, but works out of the same corporate headquarters as Mr. Romeis.

An administrative agency's interpretation of its own regulation is controlling unless (1) that inter- pretation is plainly erroneous or inconsistent with the regulation, or (2) the regulation is inconsistent with the statute under which it is promulgated. *Barr v. Department of Public Welfare,* 62 Pa. Common- wealth Ct. 211, 214, 435 A.2d 678, 680 (1981). Be- cause the board's interpretation of section 39.5(b) (4)(ii) is neither plainly erroneous nor inconsistent with the regulations, we affirm.

#### ORDER

Now, May 10, 1983, the order of the State Board of Examiners of Nursing Home Administrators, dated April 15, 1982, denying Ronald Alan Romeis permission to sit for the Nursing Home Administrator Examination, is affirmed.