545 A.2d 493

George Washington Motor Lodge Company, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Submitted on briefs June 14, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*David H. Moskowitz,* for petitioner.

*Glenn R. Davis,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, August 12, 1988:

George Washington Motor Lodge Company (Petitioner) appeals an order of the Department of Transportation (DOT) which denied Petitioner's application for an advertising device permit (permit). We affirm.

Petitioner has a dual-faced sign structure on its property located adjacent to Traffic Route 22, a primary Federal Highway, in Whitehall Township, Lehigh County, which currently displays on-premise activity advertisements on both faces. On June 22, 1985, Petitioner requested a permit, pursuant to the Outdoor Advertising Control Act of 1971[1] (Act) to allow advertisement of off-premise activities on the sign face directed toward westbound traffic.[2] Petitioner's sign is located within 500 feet of the eastbound exit from Traffic Route 22 but more than 500 feet from the westbound exit.

---

[1] Act of December 15, 1971, P.L. 596, *as amended,* 36 P.S. §§2718.101—2718.115.

[2] Section 6 of the Act in pertinent part provides:
The secretary is authorized to promulgate rules and regulations governing outdoor advertising devices and such rules and regulations shall contain the criteria set forth under section 5 of this act and shall contain the permit provisions set forth under section 7 of this act.
36 P.S. §2718.106.

DOT denied the permit request. Petitioner appealed and a hearing was held on October 21, 1985. The presiding officer issued a proposed report denying the permit application on the basis that 67 Pa. Code §445.4(b)(2)(i) prohibits the advertisement of off-premise activities within 500 feet of an interchange. The Secretary of Transportation adopted the report and on December 3, 1987, denied Petitioner's permit application. Petitioner filed a timely appeal to this court.

Petitioner argues that 67 Pa. Code §445.4(b)(2)(i) should be interpreted as permitting its sign because the structure and the sign face are more than 500 feet from an interchange available to those motorists to whom the sign would be visible. Petitioner further contends that its interpretation of 67 Pa. Code §445.4(b)(2)(i) is recognizable from the regulation's language, is consistent with other sections of the regulation, and would eliminate an unconstitutional use of police power. In the alternative, Petitioner maintains that the sign fits the exception listed under 67 Pa. Code §445.4(b)(2)(iii) and therefore, the advertising device permit should be granted.

## INTERPRETATION

An administrative agency's interpretation of its own regulation is controlling unless (1) that interpretation is plainly erroneous or inconsistent with the regulation or (2) the regulation is inconsistent with the statute under which it is promulgated. *E. Smalis Painting Company v. Department of Transportation,* 70 Pa. Commonwealth Ct. 90, 452 A.2d 601 (1982).

The regulation at issue, 67 Pa. Code §445.4(b)(2)(i), in pertinent part provides:

(2) Spacing of signs. Spacing of signs shall include the following:

(i) Along the interstate system and limited access highways on the primary system, no two

sign structures shall be spaced less than 500 feet apart; and outside the boundaries of cities of all classes and boroughs, no structure may be erected adjacent to or within 500 feet of an interchange or safety rest area, measured along the interstate or limited access primary from the beginning or ending of the pavement widening at the exit from or entrance to the main-traveled way.

Petitioner contends that in determining whether a sign is within 500 feet of an interchange only the side of the roadway where the off-premise activities advertisement is visible should be considered.[3] However, DOT interprets "the exit or entrance" to mean any or all exits or entrances from the sign. While the language of the regulation could support Petitioner's interpretation, DOT's interpretation is controlling unless it can be shown to be plainly erroneous. *E. Smalis Painting Co.* We find nothing in the direct language of the regulation to show that DOT's interpretation is plainly erronous.

In support of its interpretation, Petitioner points to section 5(c)(2)(v) of the Act which directs that "[t]he distance between sign structures shall be measured along the nearest edge of the pavement between points directly opposite the signs along the same side of the traveled way." 36 P.S. §2718.105(c)(2)(v). Petitioner asserts that because the Act provides that in measuring the distance between signs only those on the same side of the highway are to be considered, that, by analogy, anything on the other side is irrelevant in any distance

---

[3] Both parties agree that the on-site activity advertisement falls within the exception noted at 67 Pa. Code §445.4(b)(2)(iv) which in pertinent part provides: "Official and on-premise signs shall not be counted nor shall measurements be made from them for purposes of determining spacing requirements." Therefore, the only issue involves off-site activity advertisements.

measurements. Thus, to be consistent with this section, 67 Pa. Code §445.4(b)(2)(i) must be read with the same language. If the legislature had intended this language, it would have included it in the statute. However, this court has no power to insert words into statutory provisions where the legislature has failed to supply them. *Seltzer Appeal,* 52 Pa. Commonwealth Ct. 121, 415 A.2d 1250 (1980). There is no inconsistency in requiring the measurement of distance between signs to be determined only on one side of the way and measuring the distance between a sign and any intersection no matter where the location.

## CONSTITUTIONALITY

Petitioner contends that DOT's interpretation of the regulation leads to an abuse of police power because the difference between the current on-premise activity advertisement and the proposed off-premise advertisement has no effect on safety. In reviewing the constitutionality of regulations it is a basic premise that the Commonwealth may in the exercise of its police power enact regulations in order to protect the health, safety and *welfare* of its citizens even though those regulations might impinge on individual property rights. *Department of Environmental Resources v. Pennsylvania Power Co.,* 490 Pa. 399, 416 A.2d 995 (1980). The rule used to judge whether there has been an unconstitutional exercise of police power states that:

> 'To justify the State in . . . interposing its authority in behalf of the public, it must appear, first, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals. *The legislature may*

*not*, under the guise of protecting the public interests, *arbitrarily interfere with private business or impose unusual and unnecessary restrictions upon lawful occupations.'* (Emphasis added.)

*Commonwealth v. Barnes and Tucker Co.*, 472 Pa. 115, 123, 371 A.2d 461, 465, *appeal dismissed*, 434 U.S. 807 (1977) (quoting *Lawton v. Steele*, 152 U.S. 133, 137 (1894)).

Petitioner's safety argument misconstrues the purpose of the Act. Section 2 of the Act states:

The people of this Commonwealth would suffer economically if the Commonwealth failed to participate fully in the allocation and apportionment of Federal-aid highway funds since a reduction of such funds would necessitate increased taxation to support and maintain the Commonwealth's road program and system. Therefore, for the purpose of assuring the reasonable, orderly and effective display of outdoor advertising while remaining consistent with the national policy to protect the public investment in the interstate and primary systems; to promote the *welfare*, convenience and recreational value of public travel; and to preserve natural beauty, it is hereby declared to be in the public interest to control the erection and maintenance of outdoor advertising devices in areas adjacent to the interstate and primary systems within this Commonwealth.

36 P.S. §2718.102 (emphasis added).

Petitioner makes no argument that the difference between an on-premise sign and an off-premise sign has no effect on the public welfare or any other stated purpose of the Act. Petitioner's whole police power argument centers upon safety. Even on that point, Petition-

er offered only bald statements of counsel on the issue of safety. No testimony concerning the lack of impact on safety or welfare of motorists was given. Any party asserting that a statute or regulation is an unreasonable exercise of the police power must meet a heavy burden of proof. *Department of Environmental Resources v. Locust Point Quarries, Inc.,* 483 Pa. 350, 396 A.2d 1205 (1979). Because Petitioner failed to produce any evidence relating to safety or welfare, Petitioner failed to meet its burden on this issue.

## EXCEPTION

Finally, Petitioner asserts that DOT erred by not issuing the permit pursuant to 67 Pa. Code §445.4(b)(2)(iii). This section in pertinent part provides: "These spacing provisions shall not apply to sign structures separated by a building or other obstruction in such a manner that only one sign facing located within these spacing distances is visible from the highway at any one time." Petitioner contends that this exception is applicable to its sign because "each respective sign face, as a result of the nature of the configuration of the structure supporting the double-faced sign, of necessity, is visible to the T.R. 22 motorist on only one side at a time." Appellant's Brief at 15. DOT interprets 67 Pa. Code §445.4(b)(2)(iii) as an exemption to the requirement that signs must be spaced 500 feet apart from one another and not applicable to the intersection requirement at issue here.

Petitioner has provided nothing to show that DOT's interpretation is erroneous but merely offers an alternative intererepretation. *See E. Smalis Painting Co.* Examining the structure of the regulations, we find nothing plainly erroneous about DOT's interpretation of this section. For this reason we find that DOT properly denied Petitioner's advertising device permit.

Accordingly, we affirm.

ORDER

AND NOW, August 12, 1988, the order of Department of Transportation in the above captioned case is affirmed.