590 A.2d 854

**MILLER'S SMORGASBORD, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 4, 1991.

Decided April 30, 1991.

Robert W. Hallinger, Barley, Snyder, Cooper & Barber, Lancaster, for petitioner.

Michael F. Faherty, Asst. Counsel, with him, William J. Cressler, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

KELLEY, Judge.

Miller's Smorgasbord (Miller) appeals from an order of the Secretary of the Department of Transportation (department) which denied Miller's exceptions, filed to the proposed report of the department hearing officer, and finalized the hearing officer's order revoking Miller's sign permit. We affirm.

Miller was granted an outdoor advertising device permit, pursuant to the Outdoor Advertising Control Act of 1971 (Act),[1] for a nonconforming sign by the department effective February 1, 1974. The nonconforming sign is off-premises and located within 600 feet of a right-of-way of a federal highway subject to control under the Act. The area in which the sign is constructed is zoned for rural use only and the sign is located within 300 feet of another sign.[2]

---

1. Act of December 15, 1971, P.L. 596, *as amended,* 36 P.S. § 2718.101–2718.115.

2. The Act and regulations allows signs only in commercial or industrial areas and prohibits signs within 300 feet of another sign; therefore,

The permitted nonconforming sign was a twelve foot by forty-eight foot metal-faced, standard poster panel billboard, supported by seven metal I-beam posts. The sign was blown over by a storm in December 1988. All of the I-beam supports were bent or broken and the sign face was bent and contorted by the storm.

Shortly after the storm, Miller dismantled the sign face and the I-beam supports and completely removed the sign device from its location without notifying the department. In July 1989, the department discovered that the original sign had been removed and that Miller was in the progress of constructing a new sign at the same location. The new sign consisted of a six foot by six foot concrete base with a steel monopole of at least thirty inches in diameter.

On July 14, 1989, the department notified Miller that its outdoor advertising device permit was revoked in accordance with the provisions of the outdoor advertising devices regulations, 67 Pa.Code §§ 445.7(b)(3)(iv); 445.8(b)(4). Miller requested an administrative hearing which was held on November 28, 1989.

The hearing officer determined, in a proposed report, that the department properly revoked Miller's outdoor advertising device permit. The hearing officer's proposed report listed the following conclusions of law:

1. The sign is a nonconforming sign under the law and regulations.

2. Dismantling and removal of the sign parts left less than 50% of the sign's value intact.

3. The sign was damaged in excess of 50%.

4. Miller was erecting a total replacement of the sign.

5. The replacement of the sign was an improvement aesthetically, structurally and in strength and land use.

Miller's sign is nonconforming. 36 P.S. §§ 2718.104(1)(vi), 2718.-105(c)(2)(ii); 67 Pa.Code §§ 445.4(1)–(3), 445.4(b)(2)(ii).

6. A nonconforming sign more than 50% destroyed may not be replaced under the provisions of the regulations 67 Pa.Code, 445.

Miller filed exceptions to the proposed report. On May 30, 1990, the department denied Miller's exceptions filed to the proposed report and finalized the hearing officer's order that the department properly revoked Miller's permit. The instant appeal followed.[3]

The issue before this Court is whether or not the department properly revoked Miller's outdoor advertising device permit, in accordance with the Act and the regulations promulgated thereunder.

Miller argues that the department erred as a matter of law in its interpretation of the regulations, specifically Chapter 445 of Title 67, and that the department's finding that Miller's replacement sign contained an improvement was not supported by substantial evidence.

Section 6 of the Act authorizes the department to promulgate rules and regulations governing outdoor advertising devices.[4] Pursuant to this authorization, regulations governing outdoor advertising devices are set forth in Title 67 of the Pennsylvania Code, Chapter 445.

An administrative agency's interpretation of its own regulation is controlling unless (1) that interpretation is plainly erroneous or inconsistent with the regulation, or (2) the regulation is inconsistent with the statute under which it is promulgated. *George Washington Motor Lodge Company v. Department of Transportation,* 118 Pa.Commonwealth Ct. 552, 545 A.2d 493 (1988) (citing *E. Smalis Painting Company, Inc. v. Department of Transportation,* 70 Pa.Commonwealth Ct. 90, 452 A.2d 601 (1982)).

---

**3.** This court's scope of review is limited to a determination of whether constitutional rights have been violated, an error of law exists, or whether any finding of fact made by the department and necessary to support its adjudication is not supported by substantial evidence. 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

**4.** 36 P.S. § 2718.106.

Section 445.7 of Chapter 445, Title 67 of the Pennsylvania Code governs the restoration of damaged or partially destroyed nonconforming signs and Section 445.8 of Chapter 445, Title 67 of the Pennsylvania Code governs abandoned signs.

Section 445.7(b) states, in part, that:

(b) Nonconforming signs. Nonconforming signs shall conform with the following:

(1) If a sign is damaged or destroyed as a result of tortious conduct such as vandalism, the sign may be repaired or replaced by the sign owner.

(2) If a sign is damaged as a result of natural disaster or nontortious conduct so that 50% or more of its value remains intact, the sign may be repaired by the sign owner.

(3) The following regulations shall apply to signs damaged or destroyed as provided in paragraphs (1) and (2):

. . . .

(ii) Replaced or repaired signs shall be of equal or lesser dimensions and constructed of the same or less durable material than the sign being replaced or repaired and shall contain no improvements or additions.

. . . .

(iv) If a sign is destroyed or damaged as a result of natural disaster or other nontortious conduct so that less than 50% of the sign remains intact, the sign may be repaired or replaced only in compliance with the provisions of this chapter. Determination of the value of the sign and the damage shall be made by the Department.

67 Pa.Code § 445.7(b)(3).

Section 445.8(b)(4) states that:

(b) Abandoned sign defined. The following signs shall be presumed to be abandoned:

. . . .

(4) A sign considered abandoned under § 445.7(b) of this title (relating to restoration of damaged or partially destroyed nonconforming signs).

67 Pa.Code § 445.8(b)(4).

Miller argues that the hearing officer erred in his interpretation of the language "only in compliance with the provisions of this chapter," found in Section 445.7(b)(3)(iv), as referring to all provisions of Title 67, Chapter 445 of the Pennsylvania Code. Miller contends that the language refers only to the provisions of Chapter 445 that govern nonconforming signs, specifically Section 445.7, and not all the provisions of the entire Chapter 445 governing outdoor advertising devices.

Under the hearing officer's interpretation, nonconforming signs damaged in excess of 50% may not be replaced unless the replacement signs comply with all the provisions of Title 67, Chapter 445 of the Pennsylvania Code. Under Miller's interpretation, a nonconforming sign damaged or destroyed in excess of 50% may be replaced with a similar nonconforming sign.

We hold that the hearing officer did not err in his interpretation of Section 445.7(b)(3)(iv). The language that Miller contends has been construed erroneously by the hearing officer is clear and free from all ambiguity. Title 67, Chapter 445, Section 445.7(b)(3)(iv) of the Pennsylvania Code, states specifically that a sign destroyed or damaged as a result of natural disaster, so that less than 50% of the sign remains intact, may be repaired or replaced only in compliance with the provisions of this *chapter*. It is undisputed that Section 445.7(b)(3)(iv) is part of Title 67, Chapter 445, Outdoor Advertising Devices.

The language plainly and clearly means that a repaired or replaced sign that has been damaged in excess of 50% must comply with the provisions of this *chapter, i.e.,* the new sign cannot be nonconforming. The language does not state that a sign may be repaired or replaced only in compliance with the provisions of this section. Accordingly,

the hearing officer's interpretation is not erroneous or inconsistent with the regulation.

Nor is the regulation inconsistent with the statute under which it is promulgated. Section 2 of the Act sets forth the purpose of the Act and part of that purpose is to control the erection and maintenance of outdoor advertising devices. 36 P.S. § 2718.102. By requiring that nonconforming signs damaged in excess of 50% be repaired or replaced only in compliance with the provisions of Title 67, Chapter 445 of the Pennsylvania Code, the department is furthering the Act's purpose to control the erection and maintenance of outdoor advertising devices.

The hearing officer properly found that Miller's nonconforming sign had been damaged in excess of 50%, and that under the Act and the regulations, the nonconforming sign may not be replaced unless it complies with all the provisions of Title 67, Chapter 445 of the Pennsylvania Code. Therefore, the issue of whether or not the department's finding that Miller's replacement sign contained an improvement is supported by substantial evidence need not be addressed.

Accordingly, the order of the Secretary of the Department of Transportation is affirmed.

ORDER

NOW, this 30th day of April, 1991, the order of the Secretary of the Department of Transportation, No. 075 A.D. 1989, dated May 30, 1990, is affirmed.