MARTIN MEDIA, Petitioner,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Respondent.

Commonwealth Court of Pennsylvania.

Argued June 5, 1995.

Decided June 29, 1995.

Dwight D. Ferguson, for petitioner.

Thomas R. Haist, for respondent.

Before DOYLE and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Martin Media appeals from an order of the Department of Transportation (DOT) which denied Martin Media's application for an outdoor advertising device permit. We affirm.

On December 3, 1992, Martin Media filed an application for a permit with DOT to erect a device that holds various advertising signs. This proposed device was to be located in Scott Township, Allegheny County on the westbound side of Interstate 279 (I–279). Martin Media maintained a lease for the site and possessed all necessary zoning and building permits. The face of the proposed sign would have been visible only to eastbound traffic on I–279.

DOT initially denied the permit application. Martin Media appealed and, after a hearing, a DOT hearing officer submitted a proposed report also denying the permit application. The permit was denied because the proposed device was located within five hundred feet of an entrance/exit ramp on I–279, in direct violation of the Outdoor Advertising Control Act of 1971 (Act), Act of December 15, 1971, P.L. 596, as amended, 36 P.S. §§ 2718.101–2718.115. The hearing officer also made the following pertinent findings of fact:

6. The sign is within 200 feet of Ramp D on the westbound side of I–279.

7. The face of the sign would be visible from Ramp D or westbound traffic on I–279, only eastbound traffic.

8. I–279 is an interstate highway subject to control by the Outdoor Advertising Control Act, and the regulations thereunder at 67 Pa.Code § 445.1 et seq. (Regulations). (Citation omitted.)

9. Ramp D is part of an interchange under the Act and Regulation.

On November 28, 1994, the Secretary of Transportation adopted the report and denied Martin Media's permit application.

On appeal before this Court,[1] Martin Media argues that DOT erred in its interpretation of the Act. Martin Media alleges that even though the proposed site is within five hundred feet to an entrance/exit ramp, it is not prohibited by the Act because the sign face of the device in question would not be visible from the adjacent entrance/exit ramp.

In reaching its determination, DOT relied on Section 2718.105(c)(2)(i) of the Act, which specifically states:

Along the interstate system and limited access highways on the primary system, no two sign structures shall be spaced less than five hundred feet apart; and outside the boundaries of cities of all classes and boroughs, *no structure may be erected adjacent to or within five hundred feet of an interchange or safety rest area,* measured along the interstate or limited access primary from the beginning or ending of pavement widening at the exit from or entrance to the main-traveled way.

36 P.S. § 2718.105(c)(2)(i) (emphasis added).

DOT asserts that the Act does not draw any distinctions between those devices which are or are not visible from entrance/exit ramps, but clearly prohibits all structures erected within five hundred feet of these ramps. We agree.

Our review of the section at issue does not reveal any distinction between signs which are visible from the interchange and those

---

1. This Court's scope of review is limited to a determination of whether an error of law was committed, whether constitutional rights were violated or whether findings of fact made by the Department are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *See also Miller's Smorgasbord v. Department of Transportation,* 139 Pa. Cmwlth.Ct. 385, 590 A.2d 854 (1991).

which are not, as Martin Media argues. Rather, the five-hundred feet restriction clearly applies to *any* structure situated adjacent to or within five hundred feet of an interchange whether the sign is visible from the adjacent ramp or not. Martin Media's interpretation of this section of the Act is erroneous and misplaced.

 The words "no structure may be erected adjacent to or within five hundred feet ..." clearly applies to Martin Media's structure as it would have been within five hundred feet to an entrance/exit ramp.[2] Further, this Court has no power or authority to insert words into statutory provisions, where the legislature has not done so. *George Washington Motor Lodge Co. v. Commonwealth, Department of Transportation,* 118 Pa.Cmwlth. 552, 545 A.2d 493 (1988).[3]

Therefore, DOT committed no error in denying Martin Media's application to erect its proposed device.

Accordingly, we affirm its determination.

### ORDER

AND NOW, this 29th day of June, 1995, the order of the Commonwealth of Pennsylvania, Department of Transportation in the above-captioned matter is hereby affirmed.

---

**2.** We note that, in reviewing the meaning of statutes, this Court is mandated to construe any word or phrase, not otherwise defined, according to the rules of grammar and according to the common and approved usage. 1 Pa.C.S. § 1903(a). *See also Hileman v. Morelli,* 413 Pa. Superior Ct. 316, 605 A.2d 377 (1992).

**3.** *See also Seltzer Appeal,* 52 Pa.Cmwlth.Ct. 121, 415 A.2d 1250 (1980).