PENN ADVERTISING, INC.,
now Lamar Advertising,
Petitioner,

v.

DEPARTMENT OF
TRANSPORTATION, Respondent.

Commonwealth Court of Pennsylvania.

Argued April 13, 1999.

Decided May 27, 1999.

Lawrence R. Wieder, Harrisburg, for petitioner.

Donald J. Smith, Harrisburg, for respondent.

Before McGINLEY, J., FLAHERTY, J., and McCLOSKEY, Senior Judge.

FLAHERTY, Judge.

Penn Advertising, Inc., now Lamar Advertising (Penn/Lamar) petitions for review from an order of the Secretary of the Department of Transportation (Department) which denied Penn/Lamar's exceptions and made final the order of the hearing officer which denied Penn/Lamar's application for an advertising device permit. We affirm.

The underlying facts of this case are not in dispute. By application dated November 8, 1996, Penn/Lamar requested an advertising device permit from the Department in order to erect an advertising sign. The location of the proposed sign was in the Borough of West Lawn, Berks County. The proposed sign was to be erected on property owned by Redner's Markets, Inc., which is located in an area zoned commercial. The proposed sign was to be located on Woodside Avenue, a street which runs in a north/south direction, and would be oriented toward traffic traveling south on Woodside Avenue. An existing permitted sign is located on the south side of S.R. 422 (Penn Ave.), a street which runs in an east/west direction, and intersects with Woodside Avenue. S.R. 422 is on the primary system and is subject to the Department's control under the Outdoor Advertising Control Act (Act).[1] Woodside Avenue is not a part of the primary system and is not subject to the control of the Act.

The sign proposed by Penn/Lamar would be 165 feet from the edge of the existing permitted sign and 180 feet from the edge of S.R. 422, when measured along Woodside Avenue. When measured along S.R. 422 there would be virtually no distance between the two signs as the proposed sign would be almost directly behind the already existing sign.

1. Act of December 15, 1971, P.L. 596, *as amended*, 36 P.S. §§ 2718.101–2718.115.

While there are existing buildings and a large canopy for gas pumps on Redner's property near the intersection of S.R. 422 and Woodside Avenue, the proposed sign would be visible to those traveling on S.R. 422, although not clearly.

Penn/Lamar's initial application was denied by letter dated December 6, 1996. Penn/Lamar appealed and a hearing was conducted. A proposed report was filed by the hearing officer on April 22, 1998, denying the application request because the proposed sign was less than the required 100 feet from the existing sign when measured along S.R. 422. Exceptions were filed by Penn/Lamar. On July 14, 1998, the Department Secretary denied Penn/Lamar's exceptions and adopted the report of the hearing officer, denying Penn/Lamar's application. Penn/Lamar's petition for review to this Court followed.

Penn/Lamar raises one issue for this Court's review: whether the hearing officer and the Secretary of the Department erred as a matter of law in their interpretation of the relevant statute and regulations involving the issuance of an advertising device permit.[2]

First, the parties appear to agree that although the proposed sign would not be along a primary highway, the Department still has control over the proposed sign pursuant to Section 104 of the Act. That section of the Act states that "no outdoor advertising device shall be erected or maintained: (1) within six hundred sixty feet of the nearest edge of the right-of way if any part of the advertising or informative contents is visible from the main-traveled way of a... primary highway...." Here, it is undisputed that the proposed sign is located only 180 feet from S.R. 422, a road that is part of the primary system and is visible from that road. Therefore, the Department must give its approval to erect the proposed sign.

■ At issue here is the Department's interpretation of Section 105(c)(2)(ii) of the Act which states that in the spacing of signs "along nonlimited access highways on the primary system, no two structures shall be spaced less than...one hundred feet apart if within ... cities or boroughs." and Section 105(c)(2)(v) which states that "the distance between sign structures shall be measured along the nearest edge of the pavement between points directly opposite the signs along the same side of the traveled way."[3] Specifically at issue is the Department's interpretation of what road should be considered the "traveled way", S.R. 422 or Woodside Avenue.

The Department contends that a fair interpretation of "traveled way" in this case would lead to the conclusion that S.R. 422 is the traveled way since it has control under the Act over this road as it is a part of the primary system. It argues that Woodside Avenue should not be considered the "traveled way" because the Department does not have control under the Act over this road.

Penn/Lamar contends that a fair interpretation of "traveled way" would mean that the measurement should be taken from the road towards which the proposed sign would be oriented. In this case, the proposed sign would be oriented toward the traffic moving south on Woodside Avenue and, therefore, the measurement should be taken along Woodside Avenue.[4]

■ This Court has held that an administrative agency's interpretation of its own

---

**2.** This Court's scope of review is limited to a determination of whether constitutional rights have been violated, an error of law exists, or whether any finding of fact made by the department is not supported by substantial evidence. *Miller's Smorgasbord v. Department of Transportation*, 139 Pa.Cmwlth. 385, 590 A.2d 854 (1991).

**3.** Also at issue are the Department's regulations at 67 Pa.Code §§ 445.4(b)(2)(ii) and (v).

The language of these regulations is essentially the same as the language in the statute.

**4.** We note that "traveled way" is defined in the statute at Section 103(8) as "the portion of the roadway for the movement of vehicles, exclusive of shoulders." This definition is not helpful in interpreting Section 105(2)(v).

statutes and regulations are controlling unless (1) that interpretation is plainly erroneous or inconsistent with the statute or regulation or (2) the regulation is inconsistent with the statute under which it is promulgated. *Miller's Smorgasbord*, 590 A.2d at 854. A section of the statute must be construed with reference to the entire statute and not apart from its context. *Snyder v. Department of Transportation*, 64 Pa.Cmwlth. 599, 441 A.2d 494 (1982).

Section 102 of the Act states that the purpose of the Act was to protect the Commonwealth's interest in receiving federal funding which meant that the Commonwealth needed a statute that would assure the reasonable, orderly and effective display of outdoor advertising while remaining consistent with the national policy to protect the public investment in the interstate and primary systems and to preserve natural beauty.

Penn/Lamar has not provided any evidence or argument that the Department's interpretation is plainly erroneous or inconsistent with the statute. Instead, it merely offers an alternative interpretation, one that is to its benefit. While the Department's interpretation is arguably illogical, an examination of the Act and its accompanying regulations does not reveal that the Department's interpretation that "traveled way" in this case means S.R. 422 is plainly erroneous or inconsistent with the statute. For this reason we must conclude that the Department did not err when it denied Penn/Lamar's advertising device permit. Accordingly, we affirm.

### *O R D E R*

AND NOW, this 27th day of May, 1999, the order of the Secretary of the Department of Transportation, at No. 019 A.D. 1997, dated July 14, 1998, denying Penn/Lamar's advertising device permit is affirmed.