Michael McSorley, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, August 10, 1983:

Michael McSorley (petitioner) appeals from an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief.[1]

While on parole, the petitioner was arrested on November 10, 1980, and he was subsequently convicted on April 30, 1981 of possession of a firearm without a license and of violating The Controlled Substance, Drug, Device and Cosmetic Act (Controlled Substance Act).[2] A revocation hearing was held on June 1, 1981, by a hearing examiner of the Board, the result of which was a recommendation to "recommit

---

[1] During the pendency of this matter, the petitioner was reparoled by the Board on February 14, 1983, and is presently at liberty on parole. The Board, therefore, filed a motion to dismiss the appeal as moot. As the petitioner notes in his answer to the Board's motion, however, "because [his] maximum term expiration date was extended by the Board under 61 P.S. §331.21a(a), the service of all backtime does not moot the portion of this appeal dealing with the Board's order recommitting [him] as a convicted parole violator." We will therefore deny the Board's motion to dismiss the appeal as moot, and decide the appeal on the merits.

[2] Act of April 14, 1972, P.L. 233, 35 P.S. §§780-101—780-143.

[the petitioner] as a convicted parole violator when available to serve 24 months on backtime *for possession of a weapon"*. (Emphasis added.) The hearing examiner, noting that the petitioner had been convicted of violating The Controlled Substance Act and also convicted for possession of a firearm without a license, then stated:

> Presumptive range for a conviction of violation of uniform firearm act is 18 to 24 months. We did not use the presumptive range for violation of controlled substance, drug and device act [sic] because there is no indication of what the drugs were and what schedule they are in.

The Board, on July 9, 1981, apparently accepting the recommendation of the hearing examiner, ordered the petitioner to be recommitted "as a convicted parole violator when available to serve 24 months. . . ." The Board also stated:

> Evidence Relied On: New conviction in a court of record, certified copy of the Delaware County Court Order relating to the conviction. Presumptive range *for Possession of a Firearm Without a License* to 18 to 24 months. Reasons: 1. New conviction in a court of record established. (Emphasis added.)

On September 16, 1981, the Court of Common Pleas of Delaware County granted the petitioner's motion in arrest of judgment on the firearms conviction, and ordered that "the defendant is discharged from any custody in which he may be held by virtue of having been found guilty" on that charge.

As a result of this arrest of judgment on the firearms conviction, the Board apparently decided to recommit the petitioner on the conviction for violation of The Controlled Substance Act. Accordingly, on

December 24, 1981, the Board modified its previous action to read "now recommit as a convicted parole violator to serve eighteen months". As of December 24, 1981, the Board *still* had not ascertained the specific nature of the conviction for this violation of The Controlled Substance Act, and it was not until February 22, 1982, when it modified its previous action of December 24, 1981, that it specified the nature of the said conviction.[3]

The petitioner, of course, requested further administrative relief from the Board, based on the arrest of judgment in the firearms conviction. This request was denied, and it is this denial which is presently before us.

The petitioner argues that the Board did not initially recommit him on the conviction of the violation of The Controlled Substance Act, and that it cannot *now* recommit him on this conviction merely because his motion for arrest of judgment in the firearms conviction was granted. He contends that, under 37 Pa. Code §71.4(2), the Board was required to take action on this conviction within 120 days.

The issue, therefore, is whether or not the Board could have properly recommitted the petitioner on one conviction, and then eight months later, when that conviction was overturned, substituted a different conviction and recommitted him on the basis of that substituted conviction.

In its determination to recommit the petitioner, dated July 9, 1981, the Board specifically stated that it used the "presumptive range *for Possession of a Firearm without a License."* (Emphasis added.)

---

[3] The only difference in this modified version of the December 24, 1981 order was the addition of the *specific* violation of The Controlled Substance Act.

Additionally, in this order, the Board used the word "conviction" three times, none of which was in the plural. It seems clear, therefore, that the Board, for whatever reason,[4] initially recommitted the petitioner *solely* on the basis of the firearms conviction. Once that conviction was overturned, however, the Board attempted to recommit him on the basis of the conviction for violation of The Controlled Substance Act, *eight months after the conviction.*

We are aware, of course, that, if its action was timely,[5] the Board *could* have recommitted the petitioner on the conviction for his violation of The Controlled Substance Act. However, having chosen not to recommit him on that conviction, the Board did not have power to recommit him eight months later, simply because the firearms conviction was overturned.

The Board's argument that it deserves a second chance to correct the deficient order of July 9, 1981, is not persuasive. We believe that the Board erred as a matter of law and that we must reverse its order.

### ORDER

AND Now, this 10th day of August, 1983, the motion to dismiss the appeal as moot filed by the Pennsylvania Board of Probation and Parole in the above-

---

[4] It is conceivable that the Board, like the hearing examiner, was not certain of the specific nature of the violation of The Controlled Substance Act; however, the Board could have ascertained the nature of the violation, *if* it had chosen to do so.

[5] With certain exceptions which are inapplicable here, the Board must hold the revocation hearing within 120 days from the date it received official verification of the plea of guilty or nolo contendere of the guilty verdict at the highest trial court level. Although the Board did hold *a* revocation hearing within the 120 days, its action resulting from this hearing was *only* to recommit on the basis of the firearms conviction.

262

captioned matter is hereby denied, and the order of the Pennsylvania Board of Probation and Parole in this matter is hereby reversed.