John Toth, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, January 20, 1984:

This is the petition of a parolee for review of an order of the Pennsylvania Board of Probation and Parole (board) refusing in part his application for administrative relief in which application he complained that a revocation hearing conducted by the board on April 29, 1981[1] was unlawfully delayed.

The petitioner was convicted of armed robbery and sentenced to a term of three to twelve years by the Court of Common Pleas of Lehigh County. While released on parole for this offense, the petitioner was arrested on September 27, 1974 and charged with armed robbery in Northampton County. Pursuant to a detainer lodged against him by the board, the petitioner was in custody until October 17, 1974, when he escaped from the Northampton County Prison.

On October 28, 1974, the petitioner was arrested by the Palm Beach, Florida police and charged with rob-

---

[1] It is not clear whether the petitioner is attacking the hearing held November 20, 1980 or the rehearing held April 29, 1981. As will appear by the opinion, both were timely. The hearing held April 29, 1981 was a rehearing requested by the petitioner.

bery and a lesser offense. He was convicted of the Florida charges and on March 28, 1975, he received a life sentence on the robbery charge and a one year consecutive term for attempting to elude a police officer.

The petitioner was returned to the Northampton County Prison on May 20, 1975. A parole revocation hearing was held regarding the Florida conviction and on June 24, 1975, the petitioner was ordered recommitted as a convicted parole violator when available.

The petitioner was convicted of the Northampton County armed robbery charge on September 24, 1975 and of the escape charge on November 12, 1975. He received a one to three year sentence for the escape conviction on December 3, 1975, to be served concurrently with the Florida sentence, and a ten to twenty year sentence for the armed robbery conviction on September 1, 1976 to be served consecutive to the Florida sentence. On September 7, 1976, the petitioner was returned to Florida.

It was not until September 2, 1980, after being paroled by the Florida authorities, that the petitioner was returned to the State Correctional Institution at Graterford. As will be detailed later, the board scheduled a revocation hearing for October 9, 1980, but by reason of various applications by the petitioner the hearing was not held until November 20, 1980. On application of the parolee a rehearing was held on April 29, 1981.

The issue presented to us is that of whether the revocation hearing held April 29, 1981 regarding the September 24, 1975 Northampton County conviction for armed robbery was unlawfully delayed. The petitioner asserts that his revocation hearing was not held within a reasonable time following the conviction and that the charge of parole violation based upon the Northampton County conviction should therefore be dismissed. He relies on the case of *United States ex*

*rel. Burgess v. Lindsey,* 395 F. Supp. 404 (E.D. Pa. 1975), which was decided about four months before the petitioner was convicted in Northampton County of armed robbery on September 24, 1975. The *Burgess v. Lindsey* court held that a delay of almost nine months between the parolee's conviction and the holding of the parole revocation hearing was unreasonable although the delay was occasioned by the board's awaiting the parolee's sentencing on the new conviction. The court construed the word conviction as used in Section 21a of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.21a, giving the board authority to recommit convicted parole violators, to mean the verdict or plea of guilty and as not including sentencing. The petitioner in this case asserts that his revocation hearing should have been held within a reasonable period following his September 24, 1975 conviction and that the board, by waiting until he was sentenced on September 1, 1976 and then, because he was transferred to Florida on September 7, 1976, until after the petitioner's return to Pennsylvania in 1980, violated his right to due process.

The flaw in the petitioner's argument is that it ignores the fact that the petitioner was, throughout the entire period following his September 24, 1975 conviction in Northampton County until his September 7, 1976 transfer to Florida, confined in the Northampton County Prison, which is outside the jurisdiction of the Pennsylvania Bureau of Correction.

On April 14, 1976, Judge HIGGINBOTHAM, who wrote the opinion for the *Burgess v. Lindsey* court, entered in that case an unpublished order, the pertinent provisions of which are reproduced in footnote 2 of *Terrell v. Jacobs,* 37 Pa. Commonwealth Ct. 493, 496, 390 A.2d 1379, 1380-81 (1978) and which read as follows:

    3.   (a)   Where the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of

Correction, i.e., confinement out of the state, confinement in a federal correctional institution, or confinement in a county correctional institution where the parolee has not waived the full Board revocation hearing required by Commonwealth of Pennsylvania ex rel. Peter L. Rambeau v. Alfred T. Rundle, 455 Pa. 8, 314 A.2d 842 (1973), in which case the final revocation hearing shall be held within one hundred and twenty (120) days of the Board's official verification of the parolee's return to a state correctional facility.

(1) The parolee who is confined in a county correctional institution who waives the final full Board revocation hearing required in the Rambeau decision, id., shall be deemed to be within the jurisdiction of the Pennsylvania Bureau of Correction beginning with the date of his waiver of the full Board hearing.

This holding was the genesis of a regulation promulgated by the Pennsylvania Board of Probation and Parole at 37 Pa. Code §71.4(2(i) to the effect that the revocation hearing must be held within 120 days from the receipt of notification of the guilty plea or verdict of guilt unless the parolee is confined, *inter alia,* out-of-state or in a county correctional institution where he has not waived a full board hearing.

The petitioner remained confined in the Northampton County correctional institution from the time of his conviction of the county charges on September 24, 1975 until his transfer to the Florida authorities. The petitioner makes no claim that he waived his right to a full board hearing. He was not within the jurisdiction of the Pennsylvania Bureau of Correction until he arrived at the State Correctional Institution at Graterford on September 2, 1980. The board scheduled the revocation hearing for the Northampton

County armed robbery conviction for October 9, 1980 but, pursuant to the petitioner's written request, it was continued until November 20, 1980, at which time the petitioner received a full board hearing and was, as we have noted, ordered recommitted to serve twenty-four months backtime. On February 2, 1981, the petitioner requested and was granted a rehearing.[2] A rehearing was sheduled for April 1, 1981, at which time the petitioner requested and was granted a continuance until April 29, 1981, on which date the petitioner received a full board rehearing. The board's order of recommitment is dated May 20, 1981, and it again ordered recommitment to serve twenty-four months backtime.

We affirm the order of the board of August 7, 1981 denying the petitioner administrative relief.

### ORDER

AND Now, this 20th day of January, 1984, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.

---

[2] The petitioner's only attack on the hearing held November 20, 1980 is that the hearing should have been held before he was sent to Florida on September 7, 1976.