Martel Inmon, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 11, 1985, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Lester G. Nauhaus,* Public Defender, with him, *John H. Corbett, Jr.,* Chief-Appellate Division, and *Paulette J. Balogh,* Appellate Counsel, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, January 29, 1986:

Martel Inmon has petitioned this court for review of an order of the Pennsylvania Board of Probation

and Parole (Board) denying his request for administrative relief on another Board order which recommitted Inmon to prison as a convicted and technical parole violator. The issue Inmon raises is whether a parolee's constitutional right to due process is violated by the Board when it afforded him a parole violation hearing while he was in a *county* prison, but did not do so within 120 days of the date the Board received verification of his guilty plea.

Inmon first came under the Board's jurisdiction in 1963 when he was sentenced to serve a term of imprisonment of six to fifteen years for burglary and receiving stolen goods. Inmon was paroled in 1969 and subsequently arrested while still on parole in 1976. He was then incarcerated at the Allegheny County Jail. On November 9, 1976, Inmon pled guilty to two of the federal charges for which he had been arrested and, while awaiting sentencing on the federal violations, Inmon received a full Board violation and revocation hearing on March 16, 1978, at the Pittsburgh City Hall. On March 21, 1978, the Board recorded its order recommitting Inmon as a technical and convicted parole violator. After being sentenced on the federal charges, Inmon was transferred from the Allegheny County Jail to the U.S. Penitentiary at Lewisburg, from which he was paroled on the federal sentence on July 14, 1983. The authorities then transferred Inmon to a Pennsylvania state correctional facility and the Board reaffirmed its decision recorded on August 3, 1983.

Board regulation 71.4(2)(i), 37 Pa. Code §71.4(2)(i), which is entitled "Conviction for a new criminal offense" provides in part:

The hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or *nolo contendere* of the guilty verdict at the highest trial court level except as follows:

(i) If the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as confinement out of state, confinement in a Federal correctional institution, or confinement in a county correctional institution where the parolee has not waived the full Board Revocation Hearing required by Commonwealth of Pennsylvania ex rel. Rambeau v. Rundle, 455 Pa. 8, 314 A.2d 842 (1973), in which case the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the return of the parolee to a State correctional facility.

Applying this regulation to the instant matter, we note that Inmon entered a plea of guilty, on November 9, 1976, to violating federal narcotics laws; that he was confined outside the Board's jurisdiction in a county correctional institution; and, that he had not waived his right to a full Board revocation hearing. Under such circumstances, the Board is not required by 37 Pa. Code §71.4(2)(i) to afford a parolee a full Board revocation hearing. Nonetheless, the Board did so on March 16, 1978, approximately sixteen months after Inmon pled guilty.

Inmon argues that because the Board chose to afford him a full Board revocation hearing while he was still in a county correctional institution, it violated his due process rights by not convening the hearing within 120 days of his guilty plea. This argument is without merit. Where a parolee is confined in a county correctional institution, the 120 day period does not begin to run until the Board receives official verification of the parolee's transfer to a state correctional facility. 37 Pa. Code §71.4(2)(i); *Alger v. Zaccagni,* 36 Pa. Commonwealth Ct. 548, 388 A.2d 769 (1978). Thus, the March 16, 1978 full Board parole hearing was held even before the 120 day period provided for in the

Board's regulations began to run and could not be termed untimely or in violation of the Board's regulations. *See Thomas v. Board of Probation and Parole,* 38 Pa. Commonwealth Ct. 17, 391 A.2d 714 (1978). We conclude that the Board did not violate Inmon's constitutional right to due process.

ORDER

The order of the Pennsylvania Board of Probation and Parole in Parole No. 9495D, dated April 15, 1985, denying administrative relief to Martel Inmon, is affirmed.