559 A.2d 595

Joseph McMahon, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 20, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Robert B. Stewart, III,* Chief Public Defender of Huntingdon County, for petitioner.

*Timothy P. Wile,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, May 4, 1989:

Petitioner, Joseph McMahon, appeals from the order of the Pennsylvania Board of Probation and Parole (Board) denying Petitioner's administrative appeal of May 3, 1988.

Petitioner challenges the timeliness of his revocation hearing of March 22, 1988, asserting that it was not held within the 120-day time limit required by 37 Pa. Code §71.4(1).[1] Petitioner further contends that the Board

---

[1] 37 Pa. Code §71.4(1) provides in pertinent part:
The following procedures shall be followed before a parolee is recommitted as a convicted violator:
(1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or *nolo contendere* or of the guilty verdict at the highest trial court level except as follows:

erred in calculating the time owed by him on his maximum sentence.

Petitioner was originally sentenced on November 2, 1973 by the Warren County Court of Common Pleas to serve five to ten years of imprisonment on his conviction for involuntary deviate sexual intercourse. The maximum term of that sentence would have originally expired on July 7, 1983. Petitioner was paroled on his Warren County sentence on December 29, 1978 and was re-entered to serve a detainer sentence of two to four years imposed by the Centre County Court of Common Pleas on Petitioner's conviction for escape from the State Correctional Institution at Rockview (SCI-Rockview) on July 20, 1974. Petitioner collaterally attacked that conviction in a Post Conviction Hearing Act Petition[2] resulting in his release from custody on January 24, 1980.

Petitioner was arrested on May 12, 1981 and charged with burglary and receiving stolen property. Petitioner did not make bail on these charges. The Board lodged its detainer against him, and on August 24, 1981 recorded its order recommitting Petitioner as a technical parole violator to serve eight months of backtime for possession of marijuana. Petitioner was convicted in Warren County on the charges of burglary and receiving stolen property, and on January 29, 1982, was sentenced to a term of seven

---

(i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with Commonwealth ex rel. Rambeau v. Rundle, 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility.

[2] Sections 9541-9551 of the Post Conviction Hearing Act, 42 Pa. C. S. §§9541-9551.

to fourteen years. On February 16, 1982, the Board recorded an order recommitting Petitioner as a convicted parole violator to serve twenty-four months on backtime for the new burglary conviction.

Petitioner was subsequently convicted of burglary in the Elk County Court of Common Pleas, and on February 26, 1982 was sentenced to a consecutive term of one to two years. The maximum term expiration date of Petitioner's original Warren County sentence of November 2, 1973 was recomputed by the Board to August 7, 1986, and January 24, 1984 was established as Petitioner's reparole date. On September 29, 1984, Petitioner was reparoled from this original sentence. On that same date, he commenced serving the seven to fourteen year term of imprisonment imposed by the Warren County Court of Common Pleas. Pursuant to Section 9757 of the Judicial Code, 42 Pa. C. S. §9757, the Department of Corrections subsequently aggregated Petitioner's Elk County and Warren County sentences into a single eight-to-sixteen-year term of imprisonment.

Subsequent to the vacation of Petitioner's 1982 Warren County convictions and remand for new trial in federal habeas corpus proceedings,[3] Petitioner entered a plea of guilty to two counts of receiving stolen property. He was sentenced by the Warren County Court of Common Pleas to serve one to two years on each count consecutively. The charge of burglary was nolle prossed.

Official verification of Petitioner's new conviction was received by the Board on December 15, 1987. After Petitioner's parole revocation hearing on March 22, 1988, the Board recorded an order which rescinded its prior orders of February 16, 1982, March 4, 1982 and April 16, 1982 and recommitted Petitioner as a convicted parole violator to serve four months of imprisonment on back-

---

[3] *McMahon v. Fulcomer*, 821 F.2d 934 (3d Cir. 1987).

time. Petitioner's maximum term expiration date was recomputed by the Board to November 16, 1990. Petitioner requested administrative relief which was denied whereupon a petition for review was filed with this Court.[4]

Petitioner asserts here that the 120-day period runs from the date of the Board's official verification of Petitioner's conviction "unless the parolee is returned from a county facility in which case the 120-day period commences from verification of that return to the state prison." Petitioner's Brief, p. 11. The Board submits that the revocation hearing of March 22, 1988 was timely since it was held within ninety-eight days of the Board's receipt of official verification of Petitioner's guilty plea on December 15, 1987. The Board argues that the 120-day period commences when the Board receives official verification of either a parolee's new criminal conviction or transfer to a state correctional institution, whichever is later. Board's Brief, p. 9. The Board relies on *Toth v. Pennsylvania Board of Probation and Parole*, 79 Pa. Commonwealth Ct. 620, 470 A.2d 206 (1984) where this Court held that the parolee was not within the jurisdiction of the Pennsylvania Bureau of Correction until he arrived at the appropriate state correctional facility. Thus, the Board's interpretation of 37 Pa. Code §71.4(1) has not been embraced by this Court in *Toth* as the Board contends.

This Court has held that where a parolee is confined in a county correctional institution, the 120-day period

---

[4] This Court's scope of review of a Board recommitment order is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed, or whether constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *O'Hara v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 356, 487 A.2d 90 (1985).

does not begin to run until the Board receives official verification of the parolee's transfer to a state correctional facility. 37 Pa. Code §71.4(2)(i); *Alger v. Zaccagni*, 36 Pa. Commonwealth Ct. 548, 388 A.2d 769 (1978); *Inmon v. Pennsylvania Board of Probation and Parole*, 94 Pa. Commonwealth Ct. 394, 504 A.2d 373 (1986). Official verification of Petitioner's return to a state correctional institution is indicated in the record on the Sentence Status Change Report (Form DC-23B) of December 2, 1987. Certified Record, p. 49. Petitioner argues that his parole officer was given constructive notice of his presence at SCI-Huntingdon by virtue of several unofficial communications addressed to him by Petitioner. The hearing examiner, in rejecting Petitioner's challenge to the timeliness of the revocation hearing, referred specifically to the Board's receipt of the Department of Corrections' official Sentence Status Change Report. Certified Record, p. 77. No objection to introduction of that report was made by Petitioner, and Form DC-23B was later entered into the record as a defense exhibit by Petitioner's counsel. Certified Record, p. 92.

Constructive notice of Petitioner's return to a state institution is not the equivalent of the Board's official verification of his return to its jurisdiction. The Board could properly use information contained in Petitioner's case files and introduced into evidence at Petitioner's revocation hearing to find that the hearing was timely held. Petitioner's claim thus lacks merit, and he is not entitled to relief.

Petitioner asserts that the Board lacked jurisdiction to revoke his parole on the basis of his October 9, 1987 guilty plea to the charge of receiving stolen property and that as the Board referred only to his burglary conviction in its order of February 16, 1982, the Board has waived its authority to recommit Petitioner six years later on his conviction for receiving stolen property. Petitioner relies

upon *McSorley v. Pennsylvania Board of Probation and Parole,* 76 Pa. Commonwealth Ct. 257, 463 A.2d 1234 (1983), where the petitioner's claim for relief raised the issue of whether or not the Board could have properly recommitted the petitioner on one conviction, and then eight months later, when that conviction was overturned, substituted a different conviction and recommitted him on the basis of that substituted conviction. This Court held that the Board did not have power to recommit petitioner eight months later on the drug conviction simply because the firearms conviction was overturned. Moreover, in response to the petitioner's due process challenge, this Court stated in *McSorley* that "if its action was timely, the Board *could* have recommitted the petitioner on the conviction for his violation of The Controlled Substance Act." (Footnote omitted.) (Emphasis in original.) *Id.* at 261, 463 A.2d at 1235-1236.

Ordinarily, the grant of a new trial means a new trial generally, and restores the case to its original status to be tried *de novo* as to all parties and all issues. *Pupich v. Bock,* 202 Pa. Superior Ct. 382, 195 A.2d 809 (1963). In the instant case, Petitioner was tried *de novo* for criminal offenses committed when he was under the jurisdiction and supervision of the Board. Petitioner's revocation hearing of March 22, 1988 was held *de novo* in response to his new conviction in Warren County and thus, was timely held in full accord with 37 Pa. Code §71.4(1). Therefore, the Board has not violated Petitioner's due process rights.

Petitioner in his administrative appeal asserted that his maximum term expiration date should be shortened by twenty months rather than being extended by another eleven months. In his petition for review, he asserts that the Board has erred in calculating the time owed by him on his maximum sentence. Both parties to this appeal concede that the Petitioner's original sentence must be

served prior to his new sentence. *See Commonwealth v. Dorian,* 503 Pa. 116, 468 A.2d 1091 (1983).

It is the Board's position that Petitioner owed four years, six months and eight days on his original ten-year maximum sentence when he was officially paroled from that sentence on December 28, 1978. The Board contends that any pre-trial and pre-sentence confinement time with respect to new criminal charges is properly allocated to the parolee's new sentence, and not to his original sentence or any parole violation backtime, if the parolee is arrested on new criminal charges and fails to post bail. *Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 412 A.2d 568 (1980).

It is the Board's contention that not until January 29, 1982 when Petitioner was sentenced on the Warren County convictions did he become available to the Board for service of his technical and convicted parole violator backtime, as that was the Board's first opportunity to determine the correct order of service of his original and new sentences. Consequently, the time from May 12, 1981, the date of arrest, through January 29, 1982, is properly credited toward the new sentence and not parole backtime or the original sentence. At the time of his original recommitment as a technical and convicted parole violator, Petitioner was as a matter of record entitled to eight months and seventeen days of commitment credit toward his new sentence. On September 29, 1984, Petitioner was granted reparole by the Board. He was then re-entered to begin service of an aggregated eight-to-sixteen-year sentence. When his 1982 Warren County convictions were vacated, the Board's recommitment of Petitioner as a convicted parole violator was also invalidated.

The Board argues that if a technical parole violator recommitment order is extant at the time a parolee is sentenced for a new offense, backtime is deemed to

commence on the date the parolee is transferred to a state prison, and is available for re-entry into his original sentence, rather than on the date when the parolee is formally recommitted by the Board. *See Laguines v. Pennsylvania Board of Probation and Parole,* 105 Pa. Commonwealth Ct. 300, 524 A.2d 541 (1987). Under the Board's interpretation of *Laguines,* Petitioner is entitled to four years, eleven months and nine days' credit on his new sentences. Petitioner's total amount of backtime credit is thus increased to one year, five months and eighteen days. Finally, according to the Board, Petitioner's maximum term expiration date on his original sentence should be modified and moved up by seventeen days to October 29, 1990. The correct maximum term expiration date, as modified, of Petitioner's new aggregated three to six-year sentence is April 16, 1989, as calculated by the Board.

The Board proposes that this Court affirm the Board's order as modified in the Board's appellate brief. As the Board has properly allocated Petitioner's commitment credits between his original and new aggregate sentences, and as a matter of record has not erred in its calculations, Petitioner is not entitled to relief.

Petitioner further argues that the defect in the sentencing order, which only reflected the number of one criminal information rather than the numbers of the two separate informations charging Petitioner with two counts of receiving stolen property, is technical in nature. Nevertheless, Petitioner contends that the Warren County Court of Common Pleas lacked jurisdiction to sentence him on a second count of receiving stolen property. In his application for administrative relief, Petitioner did not assert the existence of any technical defect in the sentencing order imposed in Warren County, nor did he raise any challenge to the legality of that sentence.

In his petition for review to this Court, Petitioner submits that the sentencing order of October 9, 1987 was patently erroneous in that it omitted the number of the separate criminal information charging him with a second count of receiving stolen property.[5] The trial court inherently possesses the power to correct an illegal sentence or obvious and patent mistakes in its sentencing orders at anytime. *Commonwealth v. Isabell,* 503 Pa. 2, 467 A.2d 1287 (1983); *Commonwealth v. Cole,* 437 Pa. 288, 263 A.2d 339 (1970).

Pa. R. Crim. P. 1405 and 1410 provide a specific procedure for raising challenges to the legality of sentence in the sentencing court. Petitioner in his motion for modification of sentence apparently did not raise any such objection to the sentencing order. The trial court's order of November 12, 1987 denying Petitioner's motion to modify sentence indicates that Petitioner pled guilty to two counts of receiving stolen property without requesting any form of clarification from the sentencing court. A technical defect in the sentencing order does not rob the sentencing court of its jurisdictional basis for imposing sentence; and such a defect does not create grounds for a challenge to the legality of sentence. This Court should not intervene where the trial court acted in a matter within its discretion and no aggrieved party has petitioned for modification of the sentencing order.

Accordingly, the order of the Board as modified by this Court shall be affirmed.

---

[5] Petitioner's counsel at the Revocation Hearing made the request that original certified copies of the criminal informations be furnished to the Board. The informations at No. 156 of 1981 and No. 155 of 1981 charge Petitioner with two counts of receiving stolen property; those counts issue from two separate incidents. Supplemental Record, pp. 2-5.

## ORDER

AND NOW, this 4th day of May, 1989, the order of the Pennsylvania Board of Probation and Parole is modified to reflect that Petitioner's maximum term expiration date on his original sentence shall be October 29, 1990 and that the maximum term expiration date on the new aggregated three to six-year sentence shall be April 16, 1989. The Board's order in all other respects is hereby affirmed.