636 A.2d 291

**James C. SMITH, Petitioner,**

**v.**

**PENNSYLVANIA BOARD OF PROBATION & PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 17, 1993.

Decided Jan. 3, 1994.

174

John C. Armstrong, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before DOYLE and FRIEDMAN, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

James C. Smith appeals from an order of the Board of Probation and Parole (Board) denying his request for administrative review of the Board's decision to recommit him as a convicted parole violator (CPV).

The Board paroled Smith from a commuted sentence of twenty-six years to life on a conviction for first degree murder on October 15, 1974. On January 24, 1989, Smith was arrested on charges of rape, involuntary deviate sexual intercourse, indecent assault, corrupting the morals of a minor, and simple assault. Smith was detained by the Board, and after a hearing the Board issued an order maintaining the detainer pending the disposition of the criminal charges. Smith was adjudged guilty at a bench trial on November 3, 1989.

The Board held a timely revocation hearing before a panel of the full Board on February 8, 1990. The Board issued an order dated February 20, 1990, recommitting Smith as a CPV to serve forty months of backtime. Smith did not appeal this order.

On October 25, 1990, the court of common pleas which had found Smith guilty on January 24, 1989, granted Smith a new trial. The Commonwealth appealed, and on November 27, 1991, the Superior Court reversed the common pleas court's order and remanded the case for sentencing. *Commonwealth v. Smith,* 410 Pa.Superior Ct. 363, 599 A.2d 1340 (1991).

On August 6, 1992, the Board mailed Smith a subsequent order affirming its February 1990 recommitment. Smith filed a timely appeal for administrative review on September 2, 1992. In that appeal, Smith contended that the Board had failed to hold a timely revocation hearing, because the common pleas court's order granting him a new trial had vacated his January 24, 1989, conviction, and therefore, he argued the Board was required to hold a new hearing within 120 days of his "re-conviction" by the Superior Court. The Board denied his administrative appeal on December 14, 1992. This appeal followed.

■ The sole issue for our review is whether the Board erred in not holding a revocation hearing after the Superior Court reversed the trial court, affirmed the conviction, and remanded Smith's case for sentencing. Smith argues that the grant of a new trial by the common pleas court had restored him to his pre-trial status, and, therefore, his parole revocation of February 1990 became a nullity. We disagree.

It is true, as Smith argues, that a new trial sets aside the prior judgment and leaves the case as if no trial had been held. *Wallace v. Burke,* 169 Pa.Superior Ct. 633, 84 A.2d 254 (1951). However, the effect of the Superior Court's reversal of that order and its remand to the common pleas court for sentencing was to return Smith to his *convicted status,* as if the motion for a new trial had never been granted. When the Board revoked Smith's parole in February 1990, it had before it a valid conviction. The new trial had not yet been granted. If the October conviction were wiped out for all time and for all purposes, Smith could not even be sentenced. It would be illogical to find that for the purposes of parole revocation there was no conviction, but for the purposes of sentencing there was.

Smith argues that *McSorely v. Pennsylvania Board of Probation and Parole,* 76 Pa.Commonwealth Ct. 257, 463 A.2d 1234 (1983), and *McMahon v. Pennsylvania Board of Probation and Parole,* 125 Pa.Commonwealth Ct. 586, 559 A.2d 595 (1989), support his position. These cases are factually distinguishable from the case before us.

In *McSorely,* the petitioner had been convicted of firearm and drug violations. A timely parole revocation hearing was held, and his parole was revoked on the sole basis of his conviction for the firearms violations, but not for the drug conviction. After the firearm conviction was voided by an arrest of judgment, the petitioner requested administrative relief from the Board. The response of the Board was to modify its previous order, substituting the drug conviction as the basis for the recommitment eight months after the conviction. Accordingly, we reversed the Board's order recommitting the petitioner because the Board impermissibly attempted to recommit the petitioner on the basis of a *different* conviction without a hearing. The Board's order under appeal here does not modify its previous order, nor does it change the basis for Smith's recommitment.

*McMahon* is also clearly distinguishable because the petitioner there was granted and actually had a new trial. The Board in fact held a new hearing as a result of his *new*

conviction. Smith does not have a *new* conviction. Rather, his original conviction was reinstated to its *original* status. Therefore, *McMahon* is inapplicable to this appeal.

Accordingly, the order of the Board is affirmed.

This decision was reached before the conclusion of Judge Palladino's service.

## ORDER

NOW, January 3, 1994, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.