**Donald B. HALL, Petitioner,**

**v.**

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 29, 1999.

Decided June 11, 1999.

Mitchell A. Kaufman, Pittsburgh, for petitioner.

Robert A. Greevy, Harrisburg, for respondent.

Before McGINLEY, J., FLAHERTY, J., and RODGERS, Senior Judge.

FLAHERTY, Judge.

Donald B. Hall (Petitioner) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) which denied his administrative appeal from an order that recalculated the maximum expiration date of his original sentence from January 19, 2002 to February 28, 2017. We affirm.

The underlying facts are as follows. Petitioner was originally found guilty of burglary, larceny and receiving stolen property and was sentenced in Philadelphia County to an aggregate term of four to twenty-five years. This sentence was effective January 19, 1977, with a minimum date of January 19, 1981 and a maximum date of January 19, 2002. Petitioner was paroled from this sentence on January 19, 1981.[1]

Petitioner was arrested on March 10, 1981 by the Philadelphia Police Department on a list of charges.[2] Again, on May 20, 1981, Petitioner was arrested by the Federal Bureau of Investigation and charged with bank robbery and conspiracy to rob a bank. He was also arrested on May 22, 1981 on murder charges.[3] He was subsequently detained by the Board on July 29, 1981, pending disposition of the new criminal charges. Following a rearrest in Philadelphia on January 15, 1982 for the murder charges, Petitioner was again detained by the Board by an order

---

1. At the time of his parole, twenty-one years remained on Petitioner's original sentence.

2. Petitioner did post bail on these charges.

3. Petitioner did not post bail for this offense since bail is not available to those charged with a capital offense. *See* Pennsylvania Constitution, Article I, § 14.

dated March 22, 1982, pending disposition of those criminal charges.

Petitioner was convicted of murder and sentenced to death on January 25, 1982. After hearings, by order mailed September 14, 1987, the Board recommitted Petitioner as a convicted parole violator "when available" to serve his unexpired term. The order did not set forth Petitioner's maximum expiration date.

On February 29, 1996, Petitioner was re-sentenced to a term of life for the murder conviction. Utilizing this date of re-sentence as the date of return to custody and availability to begin serving backtime for his parole violations, the Board issued an order on June 11, 1996, mailed July 1, 1996, which referenced its recommitment order of August 3, 1987, and listed Petitioner's maximum expiration date as February 28, 2017. Petitioner appealed this order to the Board on July 12, 1996, which dismissed Petitioner's appeal as untimely by order mailed March 7, 1997. Petitioner appealed to this Court, which upon motion of the Board remanded the matter back to the Board for consideration of the merits. On June 5, 1998, the Board issued a decision denying Petitioner's administrative appeal. Petitioner's petition for review to this Court followed.

█ Petitioner essentially raises three issues for our review: whether the Pennsylvania Supreme Court's decision in *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980) is not comparable to this case; whether Petitioner was available to serve his twenty-one years of backtime concurrently with his former death sentence; and whether the principles of res judicata should prevent the Board from arbitrarily extending Petitioner's maximum expiration date.[4]

First, Petitioner argues that the Board erred in applying *Gaito* to this case as it is neither factually or legally comparable to

this case and should have no bearing on the determination of the merits of this petition. We conclude that the holding in *Gaito* does have bearing on the outcome of this case and was properly considered by the Board.

In *Gaito* our Supreme Court stated:

[I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

Petitioner argues that because he was ineligible for bail since he had been charged with a capital offense, he could not meet bail requirements and, therefore, *Gaito* is neither factually or legally comparable to this case. We must disagree with Petitioner's argument. *Gaito* does have bearing on the outcome of this case. It is important in determining whether the time spent by Petitioner incarcerated from July 29, 1981, the date of the first Board detainer, to the date that he was sentenced for the new charges, should be credited to his original sentence or to his sentence on the murder conviction.

█ Here, Petitioner was not detained solely on a Board warrant. He was not eligible for bail because he was charged with a capital offense. Therefore, he was held during that time due to charges of murder, not just on a Board detainer. Therefore, according to *Gaito*, the time he spent incarcerated after his arrest should be credited to his new sentence on the murder conviction. Therefore, twenty-one

4. This Court's review of a recommitment order is limited to a determination of whether the Board's adjudication is supported by substantial evidence, is in accordance with the law, and is observant of the parolee's constitutional rights. *Davis v. Pennsylvania Board of Probation and Parole*, 134 Pa.Cmwlth. 643, 579 A.2d 1372 (1990).

years still remained on Petitioner's original sentence.

■ Next, Petitioner contends that he was available to serve this twenty-one years of backtime concurrent with his death sentence and the Board erred in not having him do so. Petitioner recognizes that the law is quite clear that a parole violator convicted for another offense must serve his or her backtime and the new sentence in consecutive order. *Commonwealth v. Dorian*, 503 Pa. 116, 468 A.2d 1091 (1983). But, Petitioner argues that since the Pennsylvania Supreme Court has rejected the use of consecutive sentences in all death penalty cases, *Commonwealth v. Graham*, 541 Pa. 173, 661 A.2d 1367 (1995), he should have been permitted to serve his backtime and new sentence concurrently. We find *Dorian* controlling on the issue of whether Petitioner should be permitted to serve his new sentence and backtime concurrently. We find the holding in *Graham* instructive on the issue of which should be served first, the backtime or the death sentence.

*Graham* addressed sentencing for multiple convictions. Graham had been found guilty on seven counts of first degree murder and was sentenced to life for one count and death for the remaining six counts. He had also been convicted on several counts of abuse of a corpse and sentenced to a few years for each count. The trial court judge ordered that his life sentence and sentences on the abuse of a corpse be served first with the six consecutive death

sentences to follow. The Supreme Court was concerned that a judge opposed to the death sentence could utilize the provisions of the Sentencing Code to arbitrarily or selectively prevent the death sentence from ever being carried out by making a death sentence consecutive to a life sentence. Therefore, it held that a judgment of a sentence of death is *sui juris* and stands entirely apart from other punishments prescribed.

■ *Graham* did not address parole violations and serving of backtime in relation to a new sentence. Therefore, we must conclude that the Supreme Court's holding in *Graham* does not permit the Petitioner to serve his backtime concurrent with his death sentence. Instead, *Dorian* mandates that Petitioner's backtime be served consecutive to his new sentence.

. The Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.21a(a), is applicable in determining when Petitioner's backtime should be served.[5] We agree with the Board's interpretation of § 21a(a) of the Act, that a death sentence would take precedence over parole violation backtime.[6] In reaching this conclusion the Supreme Court's holding in *Graham* is instructive. Because a death sentence takes precedence over any other sentence in a multiple sentencing situation, it can logically be concluded that Petitioner's backtime, to be served "when available", should not be served before the sentence of death, but should only

---

**5.** 61 P.S. § 331.21a(a) provides:

> If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:
> (1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.
> (2) If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be

> served in the same county penal or correctional institution.
> In all other cases, the service of the new term of the latter crime shall precede commencement of the balance of the term originally imposed.

**6.** This Court has held that an administrative agency's interpretation of its own statutes and regulations are controlling unless (1) that interpretation is plainly erroneous or inconsistent with the regulation or (2) the regulation is inconsistent with the statute under which it was promulgated. *Miller's Smorgasbord v. Department of Transportation*, 139 Pa.Cmwlth. 385, 590 A.2d 854 (1991).

be served if and when Petitioner becomes available.

█ Finally, Petitioner argues that the principles of res judicata should prevent the Board from arbitrarily extending Petitioner's maximum expiration date. While Petitioner is correct in stating that the principles of res judicata apply to administrative determinations, *Knox v. Pennsylvania Board of Probation and Parole*, 138 Pa.Cmwlth. 344, 588 A.2d 79 (1991), we cannot conclude that they apply in this case. We do not see where Petitioner was recommitted twice for the same offense, as he seems to argue.

█ The record reveals that on September 14, 1987, the Board ordered Petitioner to be recommitted as a convicted parole violator, "when available", to serve the remainder of his original sentence, which was twenty-one years. At that time, the Board did not set a maximum expiration date since it did not know if and when Petitioner would become available and when the maximum expiration date would occur. Subsequently, when Petitioner won his appeal and his death sentence was converted to a sentence of life, he became available to serve his backtime according to the Act. At that time the Board issued an order, referencing its order that recommitted him for the remainder of his original sentence and setting his maximum date of expiration at February 28, 2017, exactly twenty-one years after he became available to serve his backtime. This order did not subject Petitioner to two determinations on the same subject matter since in the previous order the Board had not set a new maximum date in its September 14, 1987 order. It could not set a new maximum date until it learned if and when Petitioner would become available to serve his backtime. When he did become available, the Board issued a determination on that issue.

█ Petitioner also argues that the Board is not permitted to impose backtime which exceeds the entire remaining balance of his unexpired term, *Davenport v. Pennsylvania Board of Probation and Parole*, 656 A.2d 581 (Pa.Cmwlth.1995) and that the Board is precluded from extending Petitioner's backtime on the same convictions when the only triggering event was a sentencing status changed from death to life in prison. *See McSorley v. Pennsylvania Board of Probation and Parole*, 76 Pa.Cmwlth. 257, 463 A.2d 1234 (1983). We find that the Board neither imposed backtime which exceeded the twenty-one years that remained on Petitioner's original sentence, nor did the Board extend Petitioner's backtime on the same convictions. The Board merely calculated Petitioner's maximum expiration date after he became available to serve his backtime, which it had not done in its recommitment order of September 14, 1987.

Accordingly, we must conclude that the Board did not err in denying Petitioner administrative relief and affirm the order of the Board.

### *ORDER*

AND NOW, this 11th day of June, 1999, the order of the Pennsylvania Board of Probation and Parole, at Parole No. 0447–H, mailed June 5, 1998, is affirmed.