IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Stephen Faircloth, : | |
|         Petitioner : | |
| : | No. 796 C.D. 2019 |
| v. : | |
| : | Submitted: November 22, 2019 |
| Pennsylvania Board of : | |
| Probation and Parole, : | |
|         Respondent : | |

BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ELLEN CEISLER, Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                  FILED: January 27, 2020

Before the court is the petition for review of the May 29, 2019 order of the Pennsylvania Board of Probation and Parole (Board), which denied the request for administrative relief from the Board's April 23, 2019 order recalculating the maximum sentence date of Stephen Faircloth (Petitioner). Also before the court is the Application for Leave to Withdraw filed by court-appointed counsel, Nicholas E. Newfield, Esquire (Counsel), on the basis that there are no grounds for appeal and the petition is frivolous. We grant Counsel's Application to Withdraw and affirm the Board's order.

The facts of this case are as follows. As a result of his guilty pleas to theft-related offenses in 2014 and 2016, the courts of common pleas in Dauphin and York counties sentenced Petitioner to one to five years' imprisonment and nine months to two years' imprisonment, respectively. For the Dauphin County Sentence, Petitioner's

original maximum sentence date was February 28, 2019, and, for the York County Sentence, his original maximum sentence date was July 26, 2020. (Certified Record (C.R.) at 1-3.)

On July 28, 2017, the Board paroled Petitioner on the Dauphin County Sentence to a state detainer to commence service on the York County Sentence. On October 31, 2017, the Board paroled Petitioner on the York County Sentence, and he was transferred from incarceration to the Madison House West. At the time he was paroled to Madison House West, Petitioner had 1,094 days, or approximately 3 years, remaining on his York County Sentence (original maximum sentence date of July 26, 2020, minus the July 28, 2017 parole date, equals 1,094 days). (C.R. at 4-11, 15-24; Board's decision at 1.)

While Petitioner was at liberty on parole during his time at Madison House West, he allegedly committed new criminal violations and violations of the conditions of his parole. The Board lodged a detainer on September 6, 2018, and Petitioner was arrested and incarcerated in the Cumberland County Prison on that same date. On September 10, 2018, the prosecuting authorities filed new criminal charges against Petitioner in Cumberland County. Petitioner did not post bail, and the Board awarded him four days of backtime credit for the time he spent in custody solely on the Board's detainer, from September 6, 2018, to September 10, 2018. Including this deduction, Petitioner owed 1,090 days on the York County Sentence, his original sentence. (C.R. at 42, 62-73, 101; Board's decision at 2.)

On January 9, 2019, in connection with the new criminal charges, Petitioner tendered a guilty plea in the Cumberland County Court of Common Pleas to one count of retail theft. Thereafter, on February 12, 2019, a trial judge sentenced him to 6 to 12 months' imprisonment at the Cumberland County Prison. In so doing, the

2

trial judge awarded Petitioner credit on this sentence from September 10, 2018, and immediately paroled him to his state detainer. On February 12, 2019, Petitioner was released to the Board's custody. (C.R. at 99-103, 130-32.)

On April 3, 2019, the Board filed a notice of hearing and charges based upon Petitioner's most recent guilty plea to retail theft. On that same date, Petitioner executed a Waiver of Revocation Hearing and Counsel/Admission Form and admitted the new criminal conviction. (C.R. at 108-123.) By decision mailed April 23, 2019, the Board recommitted Petitioner as a Convicted Parole Violator (CPV) to serve six months' backtime and declined to award him credit for time spent at liberty on parole. (C.R. at 134-37.) In so deciding, the Board offered the following reason(s): "New conviction same/similar to the original offense," (C.R. at 114), and "poor adjustment under supervision." (C.R. at 134.) The Board also extended Petitioner's maximum sentence date on the York County Sentence to February 6, 2022 (calculated as the date Petitioner was released to the Board's custody, February 12, 2019, with no credit for time spent at liberty on parole, plus 1,090 days owed on the sentence). (C.R. at 136.)

Subsequently, Petitioner filed an administrative appeal and supplemental correspondence, asserting that the Board erred in recalculating his maximum sentence date. In a decision dated May 29, 2019, the Board affirmed its April 23, 2019 decision. (C.R. at 142-49.)

Petitioner then filed a petition for review with this Court,[1] and Counsel filed an Application for Leave to Withdraw and a "no-merit" letter pursuant to

---

[1] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

*Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), contending that the appeal is meritless.

Where, as here, counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw from representation if counsel: (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of a no-merit letter satisfying the requirements of *Turner*; and (3) advises the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). When counsel seeks to withdraw under *Turner*, our Supreme Court has held that counsel may fulfill his/her responsibilities by providing a no-merit letter that details the nature and extent of the counsel's review, identifies each issue the petitioner wishes to raise, and explains why counsel concludes those issues are meritless. 544 A.2d at 928. Once counsel has fully complied with the technical requirements for withdrawal, the Court will independently review the merits of the petitioner's claims. *Miskovitch*, 77 A.3d at 70.

Here, the record reflects that, in his *Turner* no-merit letter, Counsel informed Petitioner of Counsel's request to withdraw, provided Petitioner with a copy of the *Turner* letter that details Counsel's review of the issues and the reasons why Counsel concluded those issues are meritless, and advised Petitioner of his right to retain new counsel or raise any new points he might deem worthy of consideration. (Application For Leave to Withdraw, 10/9/2019; *Turner* Letter, 9/5/2019). Because Counsel has satisfied the procedural requirements to withdraw, the Court will independently review the issues raised to determine whether the appeal is, in fact, without merit. An appeal is without merit when it lacks any basis in law or fact. *Commonwealth v. Santiago*, 978 A.2d 349, 356 (Pa. 2009).

First, Petitioner argues that the Board erred in failing to provide him with credit on his original sentence, *i.e.*, the Dauphin County Sentence, from July 28, 2017, which was the date he was paroled on the Dauphin County Sentence to a state detainer to commence service on the York County Sentence. In other words, Petitioner contends that he is entitled to credit on his first sentence while he was "constructively paroled" from that sentence and, while still incarcerated, began serving time on his second sentence.

We disagree. The legal term "constructive parole" describes the situation that occurs where a petitioner is released on parole from one sentence, usually after completing the minimum term, but is not released from confinement, and then commences serving a second unrelated sentence. *Hines v. Pennsylvania Board of Probation and Parole*, 420 A.2d 381, 383 (Pa. 1980); *Spruill v. Pennsylvania Board of Probation and Parole*, 158 A.3d 727, 730 (Pa. Cmwlth. 2017). Under prevailing case law, the petitioner is considered to be "at liberty" from that first sentence despite being held in custody as a result of a separate and unrelated sentence. *Spruill*, 158 A.3d at 730. Our Supreme Court has explained that although a petitioner "who is on constructive parole is at liberty on parole on that particular sentence," the petitioner "is not entitled to credit against his original sentence for his time spent on constructive parole." *Merritt v. Pennsylvania Board of Probation and Parole*, 574 A.2d 597, 598 (Pa. 1990); *see Cox v. Pennslyvania Board of Probation and Parole*, 493 A.2d 680, 683 (Pa. 1985). Instead, time spent in custody serving the second sentence may only be credited against that sentence. *Spruill*, 158 A.3d at 731 (citations omitted).

Applying these legal principles, we conclude that the Board did not err in failing to provide Petitioner with credit on the original, Dauphin County Sentence for

5

the days he spent in confinement while on constructive parole and serving the York County Sentence. Petitioner's argument to the contrary lacks merit.

Next, Petitioner asserts that the Board erred in extending his maximum sentence date and failing to provide him with any credit for days he spent at liberty on parole because he was recommitted as a CPV.

In 2012, our General Assembly amended the Prisons and Parole Code (Parole Code) and added section 6138(a)(2.1), 61 Pa.C.S. §6138(a)(2.1), which vests the Board with discretion to grant a CPV with credit for time spent at liberty on parole. *See Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 469 (Pa. 2017). This provision states, in relevant part: "The [B]oard may, in its discretion, award credit to a parolee recommitted [as a CPV] for the time spent at liberty on parole," unless the parolee commits a crime enumerated in the statute. 61 Pa.C.S. §6138(a)(2.1). In *Pittman*, our Supreme Court concluded that if the Board exercises its discretion pursuant to section 6138(a)(2.1) and denies credit, it "must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Id.* at 475. The Supreme Court observed that the Board's statement need not "be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12.

In *Smoak v. Talaber*, 193 A.3d 1160 (Pa. Cmwlth. 2018), this Court determined that the Board's five-word reason for denying credit for street time— "unresolved drug and alcohol issues"—was "just barely sufficient" to satisfy *Pittman*'s contemporaneous statement requirement. *Id.* at 1164-65. In other cases, we have concluded that the following reasons provided by the Board were adequate and complied with *Pittman*: "conviction involved possession of a weapon"; "prior history of supervision failures" and "unresolved drug and alcohol issues"; "third firearm

6

conviction"; and "extensive history of illegal drug involvement" and "new drug-related conviction." *Marshall v. Pennsylvania Board of Probation and Parole*, 200 A.3d 643, 650-51 (Pa. Cmwlth. 2018).

Here, the Board decided not to award Petitioner credit as a CPV for time spent at liberty on parole because Petitioner sustained a "New conviction same/similar to the original offense," *i.e.*, retail theft, (C.R. at 114), and displayed "poor adjustment under supervision." (C.R. at 134.) Consistent with our case law, we conclude that the Board articulated sufficient reasons for denying Petitioner credit. Petitioner's argument is therefore meritless.

Finally, in conducting our independent review, we note that the Board properly awarded Petitioner four days of credit on his original sentence for time he spent incarcerated in the Cumberland County Prison solely on the Board's detainer, from September 6, 2018, to September 10, 2018, until the prosecuting authorities filed new criminal charges. *See Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 307 (Pa. 2003). After Petitioner did not post bail on new criminal charges, the trial judge correctly credited Petitioner for the time he spent incarcerated on the new criminal charges awaiting trial to the date he was sentenced to the Cumberland County Prison. *See Hall v. Pennsylvania Board of Probation and Parole*, 733 A.2d 19, 21-22 (Pa. Cmwlth. 1999). Moreover, when the trial judge in the Cumberland County case paroled Petitioner to his state detainer on February 12, 2019, Petitioner became available to serve his original sentence on that date. *See* section 6138(a)(5)(iii) of the Parole Code, 61 Pa.C.S. §6138(a)(5)(iii). Because the Board did not award Petitioner with credit for time spent at liberty on parole, and Petitioner owed 1,090 days on his original sentence as of the date of his availability, the Board did not err in adding this amount to February 12, 2019, and correctly calculated Petitioner's

new maximum sentence date as February 6, 2022. *See Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007). Therefore, we conclude, based upon our independent review, that there are no legal issues that are potentially meritorious.

Having determined that the issues raised and implicated in this appeal lack any basis in law and/or fact, we affirm the Board's order and grant Counsel's and the Application for Leave to Withdraw.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Faircloth,               :
         Petitioner        :
                          :    No. 796 C.D. 2019
       v.                    :
                          :
Pennsylvania Board of      :
Probation and Parole,       :
         Respondent     :

## _ORDER_

AND NOW, this 27th day of January, 2020, the May 29, 2019 order of the Pennsylvania Board of Probation and Parole is hereby affirmed, and the Application for Leave to Withdraw filed by Nicholas E. Newfield, Esquire, is granted.

_____
PATRICIA A. McCULLOUGH, Judge