561 A.2d 75

**Jeanette TONEY, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1989.

Decided July 14, 1989.

Dianne Upson, Legal Aid of Chester County, Inc., West Chester, for petitioner.

Cynthia White Williams, Asst. Counsel, Harrisburg, for respondent.

Before DOYLE and SMITH, JJ., and KALISH, Senior Judge.

SMITH, Judge.

Jeannette Toney (Petitioner) seeks review of an order of the Secretary of the Department of Public Welfare (DPW) denying Petitioner's request for reconsideration of the decision of the Director of the Office of Hearings and Appeals (OHA) which determined that DPW was entitled to reimbursement from Petitioner's unemployment compensation checks for public assistance provided to her. This Court reverses.

The first issue presented for review is whether or not Petitioner filed a timely appeal of the decision thereby allowing this Court to address the merits of the final order or whether Petitioner is limited to review of the denial of her request for reconsideration. Secondly, this Court must determine if DPW is entitled to reimbursement from unemployment compensation checks paid to Petitioner for a period of time when she was not a recipient of public assistance.

Petitioner applied for and received general assistance from DPW as a transitionally needy person from May 5, 1987 until August 15, 1987. In November of 1986, Petitioner applied for unemployment compensation due to a reduction in her hours of employment and was found eligible for these benefits. Petitioner was terminated from her employment in January of 1987 and again applied for unemployment compensation but was denied benefits. This denial was appealed to the Unemployment Compensation Board of Review which ruled in Petitioner's favor on September 18, 1987 granting her benefits for the period January 17, 1987 to February 21, 1987.

At the time of her application for assistance from DPW in May of 1987, Petitioner was required to execute form PW 176–U–1–82 entitled "Agreement for Repayment Delayed UC Checks" in which she authorized DPW to compute the amount of reimbursement due DPW from Petitioner's unemployment checks and to return to her any funds not subject to reimbursement. Upon receipt of unemployment compensation checks totalling $564 in September of 1987, DPW reimbursed itself $551.60 for the assistance paid to

Petitioner and refunded her $12.40. Petitioner appealed this action, and on April 26, 1988, the Director of OHA affirmed the decision of the Hearing Examiner allowing the reimbursement.

■ DPW first challenges Petitioner's right to a review on the merits, arguing that she failed to file an appeal within the thirty-day time limit of Pa.R.A.P. No. 1512. Petitioner's request for reconsideration was filed May 13, 1988, and her appeal to this Court was not filed until July 14, 1988. If Petitioner's appeal to this Court of the April 26, 1988 order was untimely, this Court's scope of review would be limited to determining whether the Secretary of DPW abused his discretion in denying Petitioner's request for reconsideration. *Keith v. Department of Public Welfare*, 121 Pa.Commonwealth Ct. 405, 551 A.2d 333 (1988). If, however, Petitioner filed a timely appeal of the April 26, 1988 decision, this Court's scope of review would be limited to determining whether the agency's findings of fact were supported by substantial evidence, an error of law was made, or Petitioner's constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

■ Petitioner's request for reconsideration was granted by order of the Secretary dated May 16, 1988 which indicated that the decision of OHA would be reviewed, that a final order on the merits would be issued, and that Petitioner would have thirty days from the date of that final order to appeal to the Commonwealth Court of Pennsylvania. On June 14, 1988, the Secretary entered a second order denying reconsideration and affirming the decision of the Director of OHA. This Court considers DPW's preliminary grant of reconsideration of May 16 to be a grant of reconsideration and its June 14 denial as an affirmance of its original decision on the merits. *Maras v. Department of Public Welfare*, 111 Pa.Commonwealth Ct. 404, 534 A.2d 153

(1987).[1] Therefore, the scope of review is to determine whether the findings of fact were supported by substantial evidence, an error of law was committed, or constitutional rights were violated.

The Hearing Examiner found that the unemployment benefits received by Petitioner were delayed income as defined by 55 Pa.Code § 257.24(e)(2) and that DPW properly reimbursed itself pursuant to 55 Pa.Code § 257.23(c) which provides for reimbursement of assistance granted from delayed unemployment compensation. No consideration was given, however, to 55 Pa.Code § 183.51 which states as follows:

Delayed potential income.

Income such as ... Unemployment Compensation, ... which an individual can apply for or which is owed to him is not counted and does not affect eligibility if the individual does the following:

(1) Acknowledges liability for reimbursement of assistance from income which covers the same time period as assistance received.

(2) Verifies that an attempt to secure the delayed or owed income has been made.

Great deference is given to the agency's interpretation of its own regulations except where the interpretation is plainly erroneous or inconsistent with the controlling regulation. *Barr v. Department of Public Welfare*, 62 Pa.Commonwealth Ct. 211, 435 A.2d 678 (1981). The obvious intent of Section 183.51 is to prevent a recipient of general assistance from simultaneously receiving assistance from another source which was not the case here. This is evident from the form used by DPW to calculate its reimbursement; it is entitled "Over–Recovered Benefits Invoice—SSI/UC". Insofar as the unemployment benefits awarded to Petitioner were for a different time period, this court finds that DPW's action herein was inconsistent with Section 183.51

1. *See Monsour Medical Center v. Department of Public Welfare*, 111 Pa.Commonwealth Ct. 359, 533 A.2d 1114 (1987) which held that an order granting reconsideration will toll the statute of limitations.

and therefore an error of law was committed. The sums deducted by DPW from Petitioner's unemployment benefits should thus be refunded to her.

The order of the Director of OHA dated April 26, 1988 is hereby reversed.

## ORDER

AND NOW this 14th day of July, 1989, the order of the Director of the Office of Hearings and Appeals dated April 26, 1988 is reversed.