Diane WILLIAMS, Petitioner,

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted of Briefs Nov. 5, 2002.

Decided Dec. 4, 2002.

John M. Hurtt, Wilkes–Barre, for petitioner.

Gene K. Cuccarese, Pittsburgh, for respondent.

Before: FRIEDMAN, Judge, LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Diane Williams petitions for review of a final order on the merits of the Secretary· of the Department of Public Welfare (DPW) upholding the order entered by the Bureau of Hearings and Appeals affirming the order of the Hearing Officer dismissing Williams's appeal of the discontinuance of general assistance benefits. We affirm.

On June 4, 1999, Williams applied for general assistance benefits consisting of cash assistance, medical assistance and food stamp benefits for herself only as a one person household. On the application, Williams indicated that she was not expecting to receive money or any type of resource. On December 7, 1999, Williams informed the Luzerne County Assistance Office (CAO) that she received back wages in the amount of $34,528.32 from her former employer. After crediting Williams for reimbursements and required deductions, the CAO notified Williams on April 11, 2001, that her net lump sum income was $25,892.53 and that she was deemed ineligible to receive general assistance for the period December 1, 1999 through February 1, 2007. To determine the period of

Williams's ineligibility, Williams's net lump sum income of $25,892.53 was divided by her standard of need, which is $298.00 per month, resulting in a period of ineligibility of 86 months.

Williams appealed the CAO's determination and a hearing was held before a Hearing Officer. At the hearing, Williams argued that the CAO misapplied the regulation found at 55 Pa.Code § 183.51.[1] Williams argued that back wages are delayed potential income which should not affect a person's eligibility if the person acknowledges liability for reimbursement of assistance from income which covers the same time period as assistance received and verifies that an attempt to secure the delayed or owed income has been made. The Hearing Officer rejected Williams's interpretation of 55 Pa.Code § 183.51 and found that the regulation does not allow recipients to receive income at a later date and not have it affect their eligibility. The Hearing Officer found that the regulation only seeks to prevent the delayed income from affecting the recipient's eligibility until the recipient actually receives the income. Accordingly, the Hearing Officer denied Williams's appeal and the Bureau of Hearings and Appeals affirmed the Hearing Officer's order.

Williams requested reconsideration of the Bureau of Hearings and Appeals' order. Therein, Williams argued that the DPW's Temporary Assistance to Needy Families State Plan (TANF), published at 29 Pa. Bulletin 5658 and issued on October 30, 1999, abolished the lump sum rule. Reconsideration was granted. Upon reconsideration, the Secretary of the DPW upheld the order entered by the Bureau of Hearings and Appeals affirming the Hearing Officer's decision denying Williams's appeal. This appeal followed.[2]

Herein, Williams raises the following issues:

1. Whether delayed potential income is subject to the lump summing rules.

2. Whether the DPW erred in counting the receipt of delayed wages as income rather than a resource in the months following the month of receipt in contravention of departmental policy.

In support of these issues, Williams argues that the DPW has specifically excluded delayed potential income such as back wages from being counted in 55 Pa.Code § 183.51; therefore, the back wages are not subject to the lump sum period of ineligibility found at 55 Pa.Code § 183.105(4). Williams contends that the DPW erred in counting delayed wages as income rather than as a resource following the month of receipt. Williams argues further that the DPW has submitted the TANF State Plan indicating that a receipt of a lump sum is accorded resource treatment only. Williams contends that the TANF State Plan states that lump sum income is counted as income only in the month that it is received and that any funds that remain from the lump sum in months following the month of receipt will be counted as a resource. Williams asks what can be any clearer proof that any funds remaining after the month of receipt of the delayed wages (October 1999) must be treated as a resource, rather than income. Williams argues that provided that she is resource eligible, along with other

1. 55 Pa.Code § 183.51 governs delayed potential income.

2. This Court's scope of review is limited to determining whether the agency's findings of fact were supported by substantial evidence, an error of law was made, or constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Toney v. Department of Public Welfare*, 127 Pa.Cmwlth. 162, 561 A.2d 75 (1989).

non income factors, she must be determined eligible for cash assistance for any months subsequent to October 1999.

In response, the DPW contends that Williams has misapplied 55 Pa.Code § 183.51. The DPW argues that the regulations plainly state that lump sum payments, such as delayed wages, are counted. Therefore, the DPW contends, Williams's receipt of the lump sum must be counted as part of her total gross monthly income and 55 Pa.Code § 183.105(4) governs how her increased income affected her eligibility for continued general assistance benefits. The DPW argues that the plain language of 55 Pa.Code § 183.51 indicates that it does not apply to the facts of this case. The DPW contends that Section 183.51 has no bearing on lump sum delayed wages once the wages cease to be delayed and are received by the assistance recipient. Finally, the DPW argues that the TANF State Plan only applies to families with children and that the TANF State Plan is just a policy not a regulation and regulations take precedent over policies.

■ We begin by reviewing the language of the applicable regulations. Delayed potential income is governed by 55 Pa.Code § 183.51 and provides as follows:

> Income such as RSDI, unemployment compensation, delayed wages and the like, which an individual can apply for or which is owed to him is not counted and does not affect eligibility if the individual does the following:
>
> (1) Acknowledges liability for reimbursement of assistance from income which covers the same time period as assistance received.
>
> (2) Verified that an attempt to secure the delayed or owed income has been made.

Lump sum payments are governed by 55 Pa.Code § 183.25 and provides that "[a] lump sum payment of nonrecurring earned income, such as delayed wages, is counted." Increases in income are governed by 55 Pa.Code § 183.105(4) and provides, in pertinent part, as follows:

> An increase in actual, deemed or estimated income of the budget group in a calendar month affects eligibility and the amount of the monthly assistance payment as follows:
>
> . . . .
>
> (4) If the increase is lump sum income, the following applies:
>
> (i) If the increase in lump sum income of the budget group . . . results in ineligibility, assistance is terminated no later than the payment month corresponding with the budget month in which the income was received. The budget group is ineligible for the number of full months for which the lump sum and other countable net income will meet the needs of the budget group . . . whose lump sum income is counted. . . .
>
> . . .
>
> (iv) An individual who receives [general assistance] and who is determined to be ineligible for a specified period due to receipt of lump sum income may apply for and receive AFDC during this period if otherwise eligible. Remaining lump sum income is considered a resource under Chapter 177 (relating to resources).

The plain language of 55 Pa.Code § 183.51 clearly shows that this regulation addresses future events and does not apply in cases where the income is no longer delayed or owed to the applicant. Pursuant to 55 Pa.Code § 183.51, if at the time that Williams applied for assistance she was expecting to receive back wages or any type of resource, those monies would not have been counted and would not have

affected her eligibility if she would have acknowledged liability for reimbursement of the assistance received and verified that an attempt to secure the delayed or owed back wages had been made. Thus, the Hearing Officer was correct in concluding that 55 Pa.Code § 183.51 only seeks to prevent the delayed income from affecting the recipient's eligibility until the recipient actually receives the income. Moreover, Williams indicated that she was not expecting to receive money or any type of resource when she applied for assistance. Therefore, we reject Williams' contention that 55 Pa.Code § 183.51 applies in this matter.

We also reject Williams' contention that the lump sum income she received should only be counted as income in the month that it was received, October 1999, because the TANF State Plan abolished the lump sum rule found in the regulations. While we agree that the TANF provides that lump sum income is counted as income only in the month that it is received, our review of the provisions of the TANF State Plan reveals that it only applies to families with children. Williams does not allege that she has any children and the record shows that she applied for assistance as a one person household.

Accordingly, we hold that the DPW properly followed the mandates of the regulations and counted the receipt of the delayed wages as a resource rendering her ineligible for the number of full months for which the lump sum would meet her needs when Williams later informed the CAO that she had indeed received back wages from her former employer. The Secretary's order is affirmed.

### ORDER

AND NOW, this 4th day of December, 2002, the order of the Secretary of the Department of Public Welfare in the above captioned matter is affirmed.